GEORGE F. BUTTERWORTH et al., as Executors and Trus-
tees under the Will of CORNELIA STORRS, Deceased,
Respondents, *v.* WILLIAM H. KEELER et al., Appellants,
and the ATTORNEY-GENERAL OF THE STATE OF NEW
YORK, Respondent, Impleaded with Others.

Charitable trusts — provisions of will and facts relating to tes-
tamentary gift to executors to establish a school in a designated
locality considered and held that the gift constitutes a valid
charitable trust.

A gift for the promotion of education or learning is a gift for
charitable uses, and where it appears from the provisions of the
will and extrinsic evidence that one-half of her residuary estate was
given by testatrix to her executors in trust "to be used and devoted
by them to the establishment of a school for girls" in a designated
locality, and it is plain that profit is not contemplated; that the

purpose of the gift is charity, and that for many years the testatrix had evinced a charitable interest in the young men and women in the locality where she resided, and in the public school facilities of the town which she knew to be inadequate, it must be held that the gift constitutes a valid charitable trust. (*Matter of Shattuck,* 193 N. Y. 446, distinguished.)

*Butterworth* v. *Keeler,* 169 App. Div. 136, affirmed.

(Argued December 7, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 19, 1915, which affirmed a judgment judicially construing the will of Cornelia Storrs, deceased, entered upon the report of a referee.

The facts, so far as material, are stated in the opinion.

*Frederick N. Van Zandt, Joseph A. Burdeau, Reuben L. Haskell, Horatio C. King, Ralph E. Brush* and *Clayton Ryder* for appellants. The attempted disposition in trust of one-half of the residuary estate to establish a school for girls was not for a public or charitable purpose and is invalid. (*Matter of Davis,* 77 Misc. Rep. 72; *Matter of Shattuck,* 193 N. Y. 446; *Atty.-Gen.* v. *Soule,* 28 Mich. 153; *Robertson* v. *Bullions,* 9 Barb. 64; *Matter of Robinson,* 203 N. Y. 380; *Starr* v. *Selleck,* 145 App. Div. 869; 205 N. Y. 545; *Matter of Cunningham,* 206 N. Y. 691; *Matter of McDowell,* 217 N. Y. 454; *Matter of Young Women's Christian Assn.,* 156 App. Div. 295.) The finding of fact as to testatrix's charitable interest in young men and girls, even if based on competent evidence, is insufficient to supply what is lacking in the will itself, namely, a valid expression of a charitable purpose. (*Matter of Davis,* 77 Misc. Rep. 72; *Dreyer* v. *Reisman,* 202 N. Y. 476; *Leggett* v. *Stevens,* 185 N. Y. 70; *Herzog* v. *Title G. & T. Co.;* 177 N. Y. 86.)

*Henry W. Taft, Francis Smyth* and *Thomas B. Gilchrist* for plaintiffs, respondents. The provisions of the

paragraph of the will for the establishment of a school for girls in the town of North Salem, Westchester county, N. Y., create a valid and enforceable trust. (*Atty.-Gen.* v. *Lonsdale*, 1 Sim. 105; *Whicker* v. *Hume*, 7 H. L. Cas. 124; *Smith* v. *Kerr*, L. R. [1 Ch. 1902] 774; *Matter of Hawkins*, 22 L. T. Rep. 521; *Matter of Cunningham*, 206 N. Y. 601; *Allen* v. *Stevens*, 161 N. Y. 122; *Loch* v. *Mayer*, 50 Misc. Rep. 442; *Utica Trust & Deposit Co.* v. *Thompson*, 87 Misc. Rep. 31; *Russell* v. *Allen*, 107 U. S. 163.)

*Egburt E. Woodbury*, Attorney-General (*Robert P. Beyer* of counsel), for defendant, respondent.　The trust created by the will of Cornelia Storrs, deceased, providing for the establishment of a school for girls in the town of North Salem, Westchester county, N. Y., is valid as a trust for charitable and educational purposes.　(*Starr* v. *Selleck*, 145 App. Div. 869; 205 N. Y. 545; *Manley* v. *Fiske*, 139 App. Div. 665; 201 N. Y. 546; *Matter of Cunningham*, 76 Misc. Rep. 120; 151 App. Div. 940; 206 N. Y. 601; *Matter of Shattuck*, 193 N. Y. 446; *Torrey* v. *Day*, 81 Misc. Rep. 39; 163 App. Div. 865; *Sawyer* v. *Dearstyne*, 139 N. Y. Supp. 955; *Matter of Miller*, 149 App. Div. 113; *Baptist Home* v. *Gardner*, 145 N. Y. Supp. 275.)

CARDOZO, J.　This action is brought to construe the will of Cornelia Storrs, who died in April, 1912.　She directed that her residuary estate be divided into two parts.　One of these parts she gave to the New York Skin and Cancer Hospital.　The other she gave to her executors "George F. Butterworth and Henry J. Storrs, in trust, nevertheless, to be used and devoted by them to the establishment of a school for girls in the town of North Salem, Westchester County, New York."　The question is whether this latter gift is a valid charitable trust.

That it is valid if it is charitable, is not disputed (*Matter of MacDowell*, 217 N. Y. 454). The claim is made, however, by some of the next of kin that in truth it is not charitable. We think the claim is without merit. It is established law in this state that a gift for the promotion of education or learning is a gift for charitable uses (*Matter of Robinson*, 203 N. Y. 380; *Starr* v. *Selleck*, 145 App. Div. 869; 205 N. Y. 545; *Matter of Cunningham*, 206 N. Y. 601; *Rothschild* v. *Schiff*, 188 N. Y. 327; *People ex rel. N. Y. Inst. for the Blind* v. *Fitch*, 154 N. Y. 14, 31). The rule is the same in England (43 Eliz. chap. 4; *Whicker* v. *Hume*, 7 H. L. Cas. 124; *Smith* v. *Kerr*, L. R. [1902] 1 Ch. 774; *Matter of Hawkins*, [1906] 22 T. L. R. 521); in the Supreme Court of the United States (*Russell* v. *Allen*, 107 U. S. 163, 167, 172; *Perin* v. *Carey*, 24 How. 465), and in the highest courts of sister states (*Sears* v. *Chapman*, 158 Mass. 400; *Dexter* v. *Harvard College*, 176 Mass. 192; *Parks* v. *Northwestern University*, 218 Ill. 381). Many other cases to the same effect might be cited. There is no conflict of opinion anywhere. The rule, of course, is different where the school or other institution is maintained for the profit of its owners. The purpose must be the promotion, not of private profit, but of public learning (*Matter of MacDowell, supra*). It is not charity to aid a business enterprise. But the fact that fees are charged is not controlling (*Parks* v. *Northwestern University, supra ; Matter of MacDowell, supra*, at p. 464). Most of our univerities and hospitals would be excluded by such a test, yet universities and hospitals are unquestionably public charities (*Parks* v. *Northwestern University, supra ; Schloendorff* v. *Society of the N. Y. Hospital*, 211 N. Y. 125, 127). What controls is not the receipt of income, but its purpose. Income added to the endowment helps to make it possible for the work to go on. It is only when income may be applied to the profit of the founders that business has a beginning and charity an end. The line of division is the

same whether the gift is devoted to education or to the relief of the poor, the halt and the blind. Charity ministers to the mind as well as to the body.

Our decision in *Matter of Shattuck* (193 N. Y. 446) is said by the appellants to have revolutionized these ancient principles; but it did nothing of the kind. The trust in that case was not to found a new institution of learning. It was to pay the income to existing institutions, either religious or educational or eleemosynary. This left the trustees free to select any educational institution, whether eleemosynary or not. They were, therefore, free to select institutions organized for private profit. The decisive consideration was the contrast which the court discerned in the mind of the testatrix between purposes that were educational and purposes that were eleemosynary. If the trust had been for the advancement of education, and nothing more, a different conclusion might have followed. The *Shattuck* case lays down no principle of large and general application. It defines the meaning of a particular will; and later cases have held that it must be limited to its special facts (*Matter of Robinson, Matter of Cunningham, supra*).

Different altogether is the will before us. No such latitude of choice is given to these trustees. They are not to distribute a fund among existing institutions, whether eleemosynary or not. They are to organize a new school; and unless we can say that they are to organize it for profit, the school will be a charity. But plainly there was no intent that they should organize it for profit. They are at liberty, if they wish, to make the tuition free, but even though it is not free, the conclusion must be the same. If profit was the purpose, the will would have told us to whom the profits were to go. The trustees are certainly not to use the surplus revenue for themselves. They are not to apply it to the use of other legatees, for the subject of the gift is half of the residuary estate, and no other legatees are named. The

testatrix did not intend to die intestate, and establish a trust for the benefit of her next of kin. There is significance also in the gift with which the one in controversy is associated. The other half of the residuary estate is given to a corporation unmistakably charitable, the Skin and Cancer Hospital. It is plain that profit is not contemplated; that revenue not expended is to be added to the endowment; and that the purpose of the gift is charity. Extrinsic evidence is not needed to make this purpose clear. It may, however, reinforce the conclusion to which we should be led without it. The finding is that for many years the testatrix had evinced a charitable interest in the young men and women of the town of North Salem, where she resided, and in the public school facilities of the town, which she knew to be inadequate. The purpose perpetuated in her will is thus revealed as the same purpose cherished during life. It cannot be misread, and ought not to be nullified.

The judgment should be affirmed, with costs payable out of the estate.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur; HISCOCK, J., absent.

Judgment affirmed.