AARON L. MERCER, Appellant, *v.* CHAMBERLAIN INSTITUTE and Others, Respondents.

Fourth Department, January 8, 1919.

Will — trust providing that interest and income therefrom be used by trustees of school in payment of salaries, etc., in the support and study of " literature and fine arts " — subsequent lease of school by trustees for purpose of maintaining military school — teachers and stenographers employed by lessee not entitled to payment from income of trust fund.

Where a testator left property in trust, the interest and income thereof to be used by the trustees of an educational institution " in the payment of the salaries of tutors and professors employed to teach in said institute, and in purchasing books and apparatus for the library of said institute," and the statute regulating the powers and duties of said trustees provided that " No part of the funds of the said institute shall ever be applied for the support of theological or other studies than those of literature and the fine arts," and thereafter the trustees of said institute leased the buildings and the grounds for the purpose of maintaining a military school, teachers and stenographers employed by said lessee are not beneficiaries of the

trust fund, since they were not employed in teaching literature and the fine arts within the meaning of the statute under which said institute was operated, and since the agreement to pay such wages was outside the purpose of the trust and not within the purpose which the statute authorized.

The business of running a military school as conducted by said lessee was purely a private enterprise and not a charitable purpose within the meaning of the will.

APPEAL by the plaintiff, Aaron L. Mercer, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Erie on the 17th day of December, 1917, upon the decision of the court after a trial at the Erie Equity Term.

*Bartlett & Roberts* [*Eugene M. Bartlett* of counsel], for the appellant.

*Weeks & Ross* [*Wilson C. Price* and *Benjamin S. Dean* of counsel], for the respondents.

HUBBS, J.:

On February 8, 1868, Benjamin Chamberlain died at Randolph, N. Y., leaving a will which was duly probated. The 18th subdivision of said will reads as follows:

" I further will and direct that all my estate not otherwise herein disposed of be divided into two equal parts; and one of said parts be paid to the Centenary Fund Society of the Erie Annual Conference of the Methodist Episcopal Church * * * and that the other of said parts be paid by my executors to the trustees of the Chamberlain Institute to be by said trustees permanently invested in bonds and mortgages upon productive farming lands in this State, such mortgages to be first liens, and said principal to be kept permanently invested and the interest and income thereof to be received by said trustees and by them used in the payment of the salaries of tutors and professors employed to teach in said institute, and in purchasing books and apparatus for the library of said institute."

The will was dated December 16, 1867. Chapter 517 of the Laws of 1866, in force before the will was executed, changed the name of the Randolph Academy Association, of Randolph, N. Y., to the Chamberlain Institute, and regulated the powers

and duties of the trustees. This was done, no doubt, to carry out the wishes of Judge Chamberlain. Said statute also provided: " No part of the funds of the said institute shall ever be applied for the support of theological or other studies than those of literature and the fine arts."

So, when Judge Chamberlain drew his will and provided the fund for the Chamberlain Institute, he knew that according to said statute such fund could be used by such institute only for the support of the study of " literature and the fine arts." The will in question was before the Court of Appeals for construction in *Chamberlain* v. *Chamberlain* (43 N. Y. 424), and the court held: " The bequest for the benefit of the Chamberlain Institute, although in terms to the trustees of that institution, is in legal effect a gift to the corporation vesting the legacy in the corporate body."

The same will, under another clause, gave a legacy to another institution of learning, which, under the statutes of the State of Pennsylvania under which it was organized, was empowered to carry on the work of " liberal education." In the opinion of the court the following statement was made in reference to such legacy: " If it could be shown that an expenditure for the benefit of the college was *not* for the support of liberal education, the gift would be void, or not within the purposes for which the corporation could take."

The corporation here involved, the Chamberlain Institute, under the statute referred to, was limited to the use of its funds for the support of the study of literature and the fine arts. The institution was carried on for many years for that purpose, for all that appears in the record herein.

In 1905 the trustees of Chamberlain Institute entered into a contract with Col. Dunn, whereby the buildings and grounds were leased to him for the purpose of carrying on a military school. The agreement contained a clause which provided that the trustees should " devote such part of the income of the endowment fund owned by said institute as shall not be needed for the payment of their necessary expenses and debts, to the payment of wages of teachers employed by said Dunn," and further, " but the trustees shall incur no pecuniary liability for teachers' wages."

This lease or agreement was renewed from time to time and

Col. Dunn carried on a military school in the buildings. The plaintiff and his two assignors were teachers in said military school, one of them also acting as stenographer. In 1914 Col. Dunn became insolvent and owed to said teachers the amount claimed in the complaint. This action was commenced against the trustees of said Chamberlain Institute to compel the payment of such wages from the accrued income of said trust fund.

The trial court has held that they were not beneficiaries of the said fund, but that the general public was the beneficiary thereof. I believe that the trial court was right in such conclusion. I believe he might well have placed his decision also upon the ground that teachers and stenographers in a military school were not employed in teaching literature and the fine arts within the meaning of the statute under which said institute was operated, and that the agreement to pay such wages was outside of the purpose of the trust and not within the purpose which the statute authorized. At least, the plaintiff has failed to prove that the services were rendered in teaching " literature and the fine arts," and that burden was on the plaintiff.

Chamberlain Institute as such, and as designated and understood at the time of the execution of the will, ceased to exist when Col. Dunn took over the buildings and began to operate a private military school for profit. In *Butterworth v. Keeler* (219 N. Y. 446) it is said: " A gift for the promotion of education or learning is a gift for charitable uses * * *. The rule, of course, is different where the school or other institution is maintained for the profit of its owners. The purpose must be the promotion, not of private profit, but of public learning. [*Matter of MacDowell*, 217 N. Y. 454.] It is not charity to aid a business enterprise. But the fact that fees are charged is not controlling. * * * What controls is not the receipt of income, but its purpose. Income added to the endowment helps to make it possible for the work to go on. It is only when income may be applied to the profit of the founders that business has a beginning and charity an end."

The business of running a military school as conducted by Col. Dunn was purely a private business enterprise, and not,

within the meaning of Judge Chamberlain's will, a charitable purpose. The contract made by Col. Dunn with the plaintiff and his assignors was a private contract, made for a purely business purpose, and was in no sense a contract for services to be rendered to the Chamberlain Institute within the meaning of said will.

The plaintiff also failed to prove that any income from the endowment fund had not been used in payment of salaries of tutors and professors, and in purchasing books and apparatus as provided in said will.

The case of *Lawrence* v. *Fox* (20 N. Y. 268) has no application to the facts in this case. The contract made by the trustees with Col. Dunn was a personal, private, business contract, for Col. Dunn's personal interest, to enable him to make money out of the venture. Any contract by the trustees to pay Col. Dunn's personal debts would be void.

I advise that the judgment be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.