In the Matter of the Estate of ELIZABETH B. FRASCH, Deceased.

Surrogate's Court, New York County, June 29, 1925.

**Wills — construction — testatrix vested control of remainder of estate, amounting to $1,000,000, in bank as trustee to use income for purposes of chemical research — trustee directed to pay income to certain institutions to be selected with advice of American Chemical Society upon condition that institutions selected agreed to devote funds to research in field of agricultural chemistry to obtain results of practical benefit in agricultural development of United States — gift was for advancement of object for public welfare and is valid — gift not void because income may be diverted to enterprises maintained for profit — fact that beneficiaries are uncertain does not warrant holding that administration of trust is beset with difficulties.**

A trust created by a testatrix, by which she vested the control of the remainder of her estate, the capital of which amounts to $1,000,000, to a bank, as trustee, with a direction that it pay the income thereof to certain institutions to be selected with the advice of The American Chemical Society, a New York corporation, upon condition that said institutions agreed to devote the funds given them to research in the field of agricultural chemistry to obtain results of practical benefit to the agricultural development of the United States, is a valid gift in that it is for the advancement of an object of public welfare. When the purpose of a trust is that of public usefulness, its charitable character insures its validity. The fact that its purpose is not charitable within the ordinary meaning of the word, does not invalidate it.

Nor is the gift void because the income may be diverted to enterprises maintained for profit, since the executrix's will clearly sets forth the object to which the income shall be devoted, evidencing an intention on the part of the testatrix that she intended that the institutions selected were to be institutions not operated for profit. Moreover, the institutions to be benefited are limited by the conditions prescribed in the will.

The fact that the beneficiaries of the fund are uncertain neither invalidates the trust, nor warrants a holding that the administration thereof is beset with difficulties, where it appears that both the trustee and advisory association, The American Chemical Society, are New York corporations, and as such are amenable under section 12 the Personal Property Law to any action the attorney-general might consider necessary in the interest of the beneficiaries to enforce the trust.

APPLICATION for construction of will.

*Stewart & Shearer [W. A. W. Stewart, George L. Shearer* and *J. H. Mottola* of counsel], for United States Trust Company of New York, as executor.

*Chadbourne, Stanchfield & Levy* [*Charles A. Collin* and *John L. Wells* of counsel], for the next of kin.

*Geller, Rolston & Blanc* [*James D. Ouchterloney* of counsel], for Mary B. Norton.

*Albert Ottinger, Attorney-General* [*Robert P. Beyer* of counsel].

*William E. Murphy*, special guardian.

*Michael E. Reiburn*, special guardian.

FOLEY, S.:

This is an application for the construction of paragraph 6 of the will of the testatrix. The will has been admitted to probate and this question has been reserved for determination by a supplemental decree. That paragraph reads as follows:

"*Sixth.* All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to the United States Trust Company of New York, in trust, however, for the purpose of establishing a fund for chemical research, which fund shall be known as the Herman Frasch Foundation for Chemical Research. I direct that the said trustee shall hold, manage, invest and reinvest the said fund, collect the rents, issues and profits thereof and after paying its proper charges and expenses, pay over the net income therefrom to one or more incorporated institutions in the United States, which shall be selected by the said trustee after advising with The American Chemical Society, upon the condition that the said institutions shall agree that the money so received shall be devoted to research in the field of agricultural chemistry, with the object of attaining results which shall be of practical benefit to the agricultural development of the United States. The payment of said income to the institutions so selected shall continue for the period of five years after my death, and before the expiration of the said five years, the trustee shall request The American Chemical Society to examine into the work done by the said institutions with the funds received from the Foundation, and to report to the trustee whether in its opinion, satisfactory progress has been made with the funds of the Foundation, towards the attainment of such practical results, and if the said Society shall report that in its opinion satisfactory progress has not been made by any institution, the trustee shall thereupon cease to make payments from the Foundation to that institution, and may select another institution in the same manner as above outlined, which institution, when so selected, shall receive such payments for the further term of five years, and every five years after my death the trustee shall obtain such a report

from The American Chemical Society, and shall either continue to make payments to the institutions then receiving such payments for the further term of five years, or may select other institutions as above provided, to receive the said payments for the ensuing five years. The trustee is authorized to use so much of the income from the said fund as may be necessary to pay the expenses and compensation of the American Chemical Society for advising and reporting as above provided."

The validity of this trust is attacked by certain next of kin who would take by intestacy if the gift is void. They contend that the trust is invalid and is not saved from the statute against perpetuities by section 12 of the Personal Property Law and section 113 of the Real Property Law, which are re-enactments of the Tilden Act of 1893. Those sections provide that no gift, grant or bequest or devise to religious, educational, charitable or benevolent uses, in other respects valid, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries in the instrument creating the trust. It is claimed that the trust is not within the protection of the statute, because

(1) The object and the purposes of the trust are not charitable;

(2) The trust income might be diverted under the language of the will to beneficiaries operating for private profit or as a business enterprise;

(3) The beneficiaries are indefinite and uncertain so as to make it impracticable for the trustee, or the Supreme Court if invoked, to administer the trust.

The testator's design, briefly summarized, was

(a) To vest control in the trustee, the United States Trust Company;

(b) To use the income for chemical research;

(c) To pay it to certain institutions to be selected with the advice of the American Chemical Society;

(d) Upon condition that the institutions agree to devote the funds to research in the field of agricultural chemistry to obtain results of practical benefit to the agricultural development of the United States.

It is estimated that the capital of the fund available for this purpose will amount to $1,000,000.

(1) Extrinsic evidence of the surrounding circumstances and expressed intentions of the testatrix was received by me in aid of interpretation. (*Butterworth* v. *Keeler*, 219 N. Y. 446, 451.) The husband of testatrix had accumulated his fortune in the chemical industry. It appears that the testatrix first sought information as to specific educational institutions engaged in the general

work mentioned in the will. Subsequently the plan of naming the institutions in the will was abandoned and general power of selection was conferred upon the trustee on the advice and with the supervision of the American Chemical Society. The latter organization is an association of about 15,000 chemists throughout the United States. It is a New York membership corporation incorporated by special act of the Legislature. Its general purposes are devoted to chemical research. The scope of agricultural chemistry comprehends the study of products of the soil, especially foods, their nutritive value, their intensive production, the study of the composition of the soil, chemical methods of fertilization, the prevention or amelioration of plant diseases, the extinction of insects and other detriments to agriculture, and in general the study of animal and plant life with relation to the science of chemistry. With this broad field in view it would be hard to comprehend a purpose more public in its scope or productive of greater service to humanity than the plan of the trust here. The rule to be followed in determining whether or not the objects of a trust are charitable within the meaning of the statute is stated in *Matter of MacDowell* (217 N. Y. 454) in the following language: " If the purpose to be attained is personal, private or selfish, it is not a charitable trust. When the purpose accomplished is that of public usefulness, unstained by personal, private or selfish considerations, its charitable character insures its validity.   *   *   * Whether the purpose of the testatrix was wise or unwise is no concern of the court. The concern of the court is to determine whether the trust attempted to be created is valid or invalid and if it is susceptible of two interpretations, one of which renders it invalid and one of which renders it valid, the court must, under well-settled rules, give to it that interpretation which will uphold its validity." The gift here was for the advancement of an object of public welfare without a tinge of private or selfish interest. It was for a public purpose " even if this purpose was not charitable within the common and narrow sense of the words." (*Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462, 469.)

The plan proposed here meets the test of this definition and the first ground of attack against its validity must be overruled. (*Matter of Robinson*, 203 N. Y. 380; *Matter of Cunningham*, 206 id. 601; *Butterworth* v. *Keeler*, 219 id. 446; *Matter of MacDowell*, 217 id. 454; *Sherman* v. *Richmond Hose Co.*, 230 id. 462.)

(2) The next of kin contend that the decision of the Court of Appeals in *Matter of Shattuck* (193 N. Y. 446) is conclusive authority that the trust is void because the income might be diverted to private enterprises. It is claimed that under the word " institutions,"

the income might be paid to corporations engaged in chemical research for profit. That authority, however, has no application to the facts or the language of the will in this estate. In the *Shattuck* case the will provided: " All the rest, residue and remainder of my real and personal property, I give, devise and bequeath to my executor hereinafter named, in trust, however, the rents, profits and income thereof to be expended by him annually and to be paid over to religious, educational or eleemosynary institutions as in his judgment shall seem advisable, not more than $500, however, to be paid to any one such institution in any one year." The court held that the word " educational " did not necessarily describe a public or charitable institution within the meaning of the statute, that the purpose of the trust was not stated, and because the trustee could devote the income of the fund in whole or in part to private use, the trust was declared to be invalid. But the effect of that decision of the Court of Appeals was soon limited by its determination in *Matter of Robinson* (203 N. Y. 380) which was followed by *Matter of Cunningham* (206 id. 601); *Butterworth* v. *Keeler* (219 id. 446); *Matter of MacDowell* (217 id. 454) and *Sherman* v. *Richmond Hose Co.* (230 id. 462). In commenting upon the decision in the *Shattuck* case, Judge CARDOZO, in *Butterworth* v. *Keeler* (219 N. Y. 446), writes: " The *Shattuck* case lays down no principle of large and general application. It defines the meaning of a particular will, and later cases have held that it must be limited to its special facts (*Matter of Robinson, Matter of Cunningham, supra*)." It should be noted also that in the present case the will clearly sets forth a designated purpose and object to which the income shall be devoted. In the *Shattuck* will no such purpose was stated. Moreover, the context and extrinsic evidence clearly indicate that Mrs. Frasch intended that the institutions selected were to be institutions not operated for profit. The institutions to be benefited are limited by the conditions prescribed in the will. The mere possibility that the fund might be diverted to an enterprise maintained for profit does not invalidate the gift. In the language of Judge CHASE in *Matter of Robinson* (203 N. Y. 380, 388): " It is doubtless true that the paragraph of the will by which the trust is attempted to be created is susceptible of more than one construction, but a construction which is fairly within the rules of law and that sustains the trust and devotes the fund included therein to purposes permitted by law and to the good of humanity should be preferred." Again it is stated by Judge CRANE in *Matter of Beekman* (232 N. Y. 365, 370), " whether the inclusion of a noncharitable purpose would invalidate the trust depends upon the

purpose which runs through, permeates and colors the whole scheme of disposition."

The second ground of invalidity, therefore, has no application under the more recent authorities to the testamentary design here.

(3) No particular difficulty can arise in the administration of this trust. The trustee and the advisory association, the American Chemical Society, are both New York corporations. Under section 12 of the Personal Property Law, the Attorney-General is empowered to represent the beneficiaries in the enforcement of the trust, and it is made his duty to compel, by judicial decree in the Supreme Court, the application of the fund to the public use contemplated by the testatrix. It appears from the evidence that agricultural departments are maintained by many of the universities of the United States. Many of the States, including New York State, maintain or help to support agricultural institutions devoted in part to agricultural chemistry for the public benefit.

The provisions of the will relating to gifts for charitable purposes are to be construed in a broad and liberal spirit and the construction that will uphold the validity of a public trust is to be favored. (*Matter of MacDowell, supra.*)

I hold, therefore, that the 6th paragraph of the will created a valid trust. Submit supplemental decree on notice construing the will accordingly.