In the Matter of the Estate of LILLIAN W. PHILIPOTEAUX, Deceased.

Surrogate's Court, New York County, June 30, 1930.

*Henry Fluegelman*, for the petitioners.

*Alan H. Colcord*, for Harriet F. Totten and Elizabeth Godsoe.

O'BRIEN, S.   In this accounting proceeding the executors request the court to construe paragraph 20 of the will of testatrix.   That paragraph reads as follows:

" *Twentieth.* I give, devise and bequeath all the rest, residue and remainder of my estate, whatsoever the same may consist of, and wheresoever the same may be situated, including the amount of any insurance payable to me by the United States Government as beneficiary by reason of the death of my son, George C. Philipoteaux, unto my executors hereinafter named, in trust, however, for the following uses and purposes, to wit:

" To distribute the same or the proceeds thereof among such permanently disabled soldiers of the late World War who may be in hospitals or institutions in or near Greater New York, as my executors and trustees may mutually agree upon, such bequest to be given to such permanently disabled soldiers in the name of my late son, Lieutenant George C. Philipoteaux, who died in the service of the United States Government in the World War.   I make the bequest as provided for in this paragraph Twentieth of my Will, because I am convinced and am sure that my son George C. Philipoteaux left no heirs or dependents whatsoever who are entitled to any portion of either his or my estate."

It is contended by the next of kin who would take if there were an intestacy, that this direction is so vague, uncertain and indefinite in its terms as to be void, and that there are no definitely ascertainable beneficiaries of the trust sought to be created.

I hold that the provisions of the paragraph in question create a valid trust.   (*Matter of Frasch*, 125 Misc. 381; affd., 216 App. Div. 797; affd., 245 N. Y. 174.)   The gift is for an object of public welfare.   The Congress of the United States has recognized the

need for public care of disabled veterans by its passage of the World War Veterans' Act. Pursuant to this legislation the Veterans' Bureau has established rules for determining what constitutes permanent disability, and there are, " in hospitals or institutions in or near Greater New York," many ex-service men who thus answer the description given in the will. There will be no great difficulty in the administration of the trust as suggested by the next of kin. The executors and trustees have several institutions in Greater New York from which to select beneficiaries, as well as others near enough to the city to unquestionably answer the description in the will. If they cannot agree upon the cases which, in their discretion, are deemed to be deserving of testatrix's bounty, then under subdivision 3 of section 12 of the Personal Property Law, the Attorney-General is empowered to represent the beneficiaries in the enforcement of the trust, and it is made his duty to compel by judicial decree in the Supreme Court the application of the fund to the public use contemplated by the testatrix. (*Matter of Frasch, supra.*) Gifts for charitable purposes are to be construed in a broad and liberal spirit, and a construction which will uphold the validity of a public trust is to be favored. (*Matter of MacDowell*, 217 N. Y. 454.)

Submit decree on notice construing the will and settling the account accordingly.