THE SUSSEX TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Last Will and Testament of Sallie J. Tunnell, deceased,

*vs.*

BEEBE HOSPITAL OF SUSSEX COUNTY, INCORPORATED, a corporation of the State of Delaware, MINNIE WARRINGTON DAVIDSON, ESTELLA WARRINGTON JOHANSEN, HENRY THOMPSON WILSON, JENNIE WILSON WARRINGTON, THOMAS COARD WILSON, WILLIAM FERRIS WILSON, CHARLES WARRINGTON WILSON, CLARENCE WILSON, VIRGINIA WARRINGTON CULVER, HELENA ROBBINS ROBERTS, ADELIA WARRINGTON HAZZARD, HAMMOND C. LINGO, WILLIAM W. LINGO, LOUIS J. LINGO, ARMENIA LINGO MCKINNEY, OSCAR H. WARRINGTON, CHARLES S. WARRINGTON, CARRIE WARRINGTON SIMPLER, LEWES PRESBYTERIAN CHURCH, INCORPORATED, a corporation of the State of Delaware, THE DELAWARE CHILDREN'S HOME SOCIETY, a corporation of the State of Delaware, PALMER HOME, INCORPORATED, located at Dover, Del., a corporation of the State of Delaware, WOMEN'S MISSIONARY SOCIETY OF NEW CASTLE PRESBYTERY, INC., a corporation of the State of Delaware, FLORENCE E. ACTOR, MARY HOUSTON, IRVIN WARRINGTON, ALFRED C. WARRINGTON, ALFRED HOUSTON, ORLANDO HOUSTON, ETHEL DONOVAN, EDNA NEWCOMB, HARRY WARRINGTON, LULU W. KIMMEY, DAWSON WARRINGTON, ELSIE W. SCARBOROUGH, COURTLAND WARRINGTON, MARY WRIGHT, CARRIE SAMPSON, LOTTIE JOHNSON and C. VAN. WARRINGTON.

*Sussex, Sept. 16, 1940.*

*Tunnell & Tunnell,* for complainant.

*Daniel J. Layton, Jr.,* for Beebe Hospital of Sussex County, Incorporated, defendant.

*W. Thomas Knowles,* for Louis J. Lingo, defendant.

*Charles W. Cullen,* for Florence E. Acton, Mary Houston, Irvin Warrington, Alfred C. Warrington, Ethel Donovan, Edna Newcomb, Alfred C. Houston and Orlando Houston, defendants.

*James M. Tunnell, Jr.,* filed a brief at the request of the Chancellor in support of any rights or interests which might have been asserted by the heirs-at-law.

THE VICE-CHANCELLOR: Beebe Hospital of Lewes, Incorporated, a Delaware corporation, was dissolved after it had become entitled to benefits of a trust under the will of Sallie J. Tunnell. This case presents the questions: what are those benefits, and who now has the right to them.

The testatrix died a resident of Sussex County, Delaware, in August, 1932. By her will executed in June of the same year, she gave her entire residuary estate to the complainant and its successors, upon the following trusts:

"In Trust, to hold, manage and control the same, to collect all the rents, issues and profits therefrom, to pay all taxes, insurances, necessary repairs and other proper expenses connected therewith, with full power to sell and convey from time to time the whole or any part or parts of such property and estate as in its best judgment and discretion it may be expedient and advantageous so to do, conveying such portions thereof as may be real estate in fee simple, and to execute and deliver all and any deed or deeds, or other instruments of writing that may be necessary for that purpose, without liability on the part of the purchaser to see to the application of the purchase money, the proceeds of such sale or sales to be reinvested from time to time as judiciously, advantageously and securely as my said trustee may be able so to do, and to be held by my said trustee upon the same uses and trusts; and I direct that my said trustee shall not be responsible for any loss that may arise to my estate out of investments made by it in good faith.

"In Trust to pay the income therefrom to my beloved husband, William E. Tunnell, for and during the term of his natural life.

"In Further Trust, upon the death of my said husband to continue the trust and divide the income into five equal parts and pay one part to the Lewes Presbyterian Church of the town of Lewes, Delaware; one part to Beebe Hospital, Incorporated, domiciled at Lewes, Delaware; one part to the Presbyterial Society for Missions of the Presbytery of New Castle; one part to the Old Folks Home at Dover, known as Palmer Home; one part to the Delaware Children Society (of which Rev. Lord is in charge at time of execution of this will) ; annually or semi-annually as my trustee may decide."

The testatrix' husband died in the month following her decease. At the date of the will, as well as at Mrs. Tunnell's death, the only hospital in Lewes was the corporation "Beebe Hospital of Lewes, Incorporated." It is not disputed that this was the donee intended by the designation in the will "Beebe Hospital, Incorporated, domiciled at Lewes, Delaware." This corporation was voluntarily dissolved by its stockholders in December, 1935. About seven months prior to such dissolution, Beebe Hospital of Sussex County, Incorporated, one of the defendants, was organized as a corporation not for profit. Its objects and purposes include the operation of a hospital and sanitarium at or near Lewes.

The new corporation, sometime after the dissolution of the old, made claim against the trustee for the benefits which the will provides for the old hospital corporation. The trustee then brought this proceeding, asking that it be instructed as to its duties with respect to the gift of one-fifth of the trust income to the corporation now dissolved. The trustee has joined as defendants certain individuals alleged to be the "heirs at law" of the decedent; the corporations, other than the old hospital, named as the beneficiaries of the trust; and the new hospital corporation. The answers filed admit the substantial allegations of the bill and pray for a construction of the will.

The stipulation of the answering defendants shows that at the first meeting of the board of directors of the new corporation, a resolution was adopted that "this corporation shall take over from the Beebe Hospital of Lewes, Inc., [the old corporation] items of cash, personal property, etc., listed" in the resolution "being the sum of $78,461.56, which will be used as the capital account of Beebe Hospital of Sussex County, Incorporated." However, the property proposed to be taken over by the new corporation and described in the resolution does not include the rights and interests of the old corporation under the trust. Other than the similarity in names and the fact that the objects and purposes of each corporation were alike in that they contemplated the maintenance of a hospital in Lewes, no relationship or connection between the two corporations has been pleaded or proved. Consequently, there is no basis in the record for any claim by the new corporation to any of the property of the trust.

It has been suggested that upon the dissolution of the old corporation, the trust of the one-fifth share of income failed, and that as to this gift there was a resulting trust for the benefit of the estate of the testatrix. For the reasons which will be stated, the rule is not applicable in this case.

Notwithstanding that no time of termination of the trust is fixed by language of the will, it is plain that all legal and equitable interests in the trust property vested within the period of the rule against perpetuities. The characteristic of unlimited duration is familiar and recognized in the case of charitable trusts. But as to the one-fifth share of income, this is not a charitable trust. Here, the only ground for a contrary contention, which has been suggested or which occurs to me, would be that the beneficiary, the old hospital corporation, was itself a charity. Although some of its purposes are of a charitable nature, the certificate of incorporation, upon its face, purports to create an organization for pecuniary profit. Article 4 of the certificate provides:

"The amount of the total authorized capital stock of this corporation is Ten Thousand Dollars ($10,000.00) divided into One Hundred (100) shares of the par value of One Hundred Dollars ($100.00) each.

"The amount of capital stock with which this corporation will commence business is One Thousand Dollars."

There is nothing in the charter to prevent participation in corporate profits by private shareholders. It is when income may be applied to the profit of the founders or shareholders that "business has a beginning and charity an end." *Butterworth v. Keeler*, 219 *N. Y.* 446, 114 *N. E.* 803, 804. Such an organization is not a charity. *William Budge Memorial Hospital v. Maughan*, 79 *Utah* 516, 3 *P. 2d* 258, 13 *P. 2d* 1119; *Stratton v. Physio-Medical College*, 149 *Mass.* 505, 21 *N. E.* 874, 5 *L. R. A.* 33, 14 *Am. St. Rep.* 442; 2 *Restatement of the Law of Trusts*, § 376; 2 *Bogert on Trusts and Trustees*, § 365; 3 *Scott on Trusts*, § 376.

It has been held that where property is sought to be kept in the form of a private trust of unlimited duration with the income payable to the beneficiaries, the law considers that the fund itself is given to them. *Wilmington Trust Co. v. Houlehan*, 15 *Del. Ch.* 84, 131 *A.* 529, and authorities cited; *Houston, Trustee v. Houston, et al.*, 20 *Del.*

*Ch.* 1, 175 *A.* 51. In the cited cases, the beneficiaries were individuals; but no reason appears why the same rule should not be applied where the beneficiary is a private business corporation. In consequence, the direction that the trustee pay one-fifth of the income to the old corporation must be deemed a gift of one-fifth of the corpus to which the corporation became entitled upon the death of testatrix' husband. The right to this share of corpus was property of the corporation at the time of its dissolution. It may now be claimed by the person or persons properly empowered to receive and administer the corporate assets for the benefit of those lawfully entitled to them.

A decree accordingly will be advised.