Matter of the Taxation under the Acts in Relation to Taxable Transfers of the Property of GERARD BEEKMAN, Deceased.

(Surrogate's Court, Nassau County, December, 1920.)

Transfer tax — what subject to — association for benefit of a family not exempt — Tax Law, § 221.

The "Beekman Family Association" which was incorporated under the Membership Corporation Law by members of the Beekman family, including the testator, does not come

Surrogate's Court, Nassau County, December, 1920. [Vol. 114.

within the class of corporations entitled to an exemption under section 221 of the Tax Law, and property passing to said association, as residuary legatee, is subject to a transfer tax.

APPEAL from an order assessing the transfer tax.

Herbert L. Fordham, for executors, and also for Beekman Family Association, appellants.

Jeremiah Wood, for state comptroller, respondent.

SMITH, Act. S. This is an appeal taken by the executors under the will of the above named decedent, and by the Beekman Family Association, the residuary legatee and devisee, from the appraisal and the order entered thereon and dated January 9, 1920.

If the property passing under the residuary provision of said will is to be wholly exempt from taxation, the reason for such exemption must be that the residuary legatee and devisee (the Beekman Family Association), comes within one of the classes of corporations specified in section 221 of the Tax Law, to wit: religious, educational, charitable, missionary, benevolent, hospital or infirmary corporations; and if not wholly exempt, but partially exempt, then it must come within the class of corporations entitled, under the said section, to a restricted exemption, namely, a corporation organized for moral or mental improvement of men or women, or for scientific, literary, library, patriotic, cemetery or historical purposes.

In order to determine the character of a corporation we must look to its charter, or in this case, to its articles of incorporation. *Matter of DePeyster*, 210 N. Y. 216; *People ex rel. Wall & H. St. R. Co.* v. *Miller*, 181 id. 328. This being a well-settled rule of law, it seems to me that what the testator did before his death in the way of conferring benefaction upon the Beekman Family Association and what application or use

the said association made of such gifts, and also what has been done since the testator's death by the directors of said association, should not be considered in determining the question now under consideration.

The Beekman Family Association was incorporated under the Membership Corporations Law about ten years ago by seven members of the Beekman family, including the testator. The said testator was a bachelor, and died on November 9, 1918.

By the third article of incorporation of said association, membership was restricted and limited to "All lineal descendants of William Beekman, who became in 1647 a resident of New Amsterdam, now New York City, when approved by a concurring vote of not less than five Directors." The phrase "The Beekman Family" by said article was made to include the wives and widows of said lineal descendants.

The objects of the corporation as declared by its articles of incorporation, are (1) To pay the expense of preparatory and professional education or other suitable education for members of the Beekman family as may be designated and approved by at least five directors of the corporation; (2) To furnish pecuniary aid exclusive of loans, to such poor and needy members of the Beekman family as may be designated and approved by at least five directors of the corporation; (3) To receive and hold, collect and preserve family portraits, heirlooms of the Beekman family, and matter connected with the history of that family; documents and books relating to the family, with power to add to and publish the same; and to designate and maintain a place of deposit for receiving, holding, collecting, preserving and exhibiting these portraits, heirlooms and matter connected with the history of the family and documents and books as an undivided collection; (4) To care for and maintain,

improve and embellish such burial lots or places in cemeteries, including the erection of fences, monuments, structures and tombs thereon in which are interred the members of the Beekman family, as shall be designated and approved by at least five directors of the corporation, provided that at least one such burial lot or place shall always be cared for, maintained, improved and embellished by the corporation; (5) To support and maintain and educate a person or persons other than a member or members of the Beekman family and contribute towards the maintenance of educational institutions otherwise than for the education of members of the Beekman family, and to contribute to charitable and benevolent uses and to religious purposes as from time to time the board of directors shall deem proper and desirable; provided, however, that no such action as specified in this section (5) shall be taken unless expressly authorized by the by-laws of the corporation and then only by the concurring vote of all and at least seven directors.

It is contended that the first object above expressed is educational; that the second is charitable, the third historical, the fourth for cemetery purposes and that the fifth is educational, charitable, benevolent, religious and includes as those who may be the subject of beneficence, all persons who are not members of the Beekman family.

The test of a charitable gift or use and a charitable corporation are the same. *Matter of Rockefeller*, 177 App. Div. 786–791; *Matter of Altman*, 87 Misc. Rep. 255, 260.

" Many definitions of a charitable trust have been formulated, but all the definitions that have been attempted carry the implication of public utility in its *purpose*.  *  *  *  If the purpose to be attained is personal, private or selfish, it is not a charitable trust.

When the purpose accomplished is that of public usefulness, unstained by personal, private or selfish considerations, its charitable character insures its validity." *Matter of MacDowell*, 217 N. Y. 454, 460. See, also, *Matter of Rockefeller, supra.*

It may well be that the testator intended his property passing under the residuary clause of his will should be used for charitable and educational purposes; but the prominent fact seems to me is that the subjects and objects of his beneficence were limited to his own kin. It is contended by counsel that the Beekman family is a clan and that it includes a class of persons much larger than those usually included in the word " family;" however, it does not seem to me that it makes any difference whether the words " Beekman family " include a large or small number of persons or whether those persons are remotely or closely related to the decedent; the fact is that the class referred to is limited to the decedent's kin. I see no reason why the directors of the association, if they so wished, could not apply the property to the education of the nearest relatives of the decedent to the exclusion of the remotest; likewise, I see no reason why the directors could not furnish pecuniary aid to the nearest relatives of the deceased provided they came within the class of poor and needy, to the exclusion of those remotely related to the decedent.

The third object, as above expressed, no doubt is historical. It is also genealogical, but like the first two objects is confined exclusively to the family of the decedent and has no public aspect.

The fourth object, it is true, was intended for cemetery purposes, but, like the foregoing provisions, is private and relates solely to the Beekman family.

The fifth object includes a very broad class. The fact is, however, that it is not necessary that one dollar

Surrogate's Court, Nassau County, December, 1920.   [Vol. 114.

of the property passing under the residuary clause of testator's will may e\ er be applied pursuant to the provisions of section 5; in fact, it would seem that the incorporators intended to make it difficult to apply any of the funds of the corporation for purposes which did not relate to the Beekman family; furthermore, the educational institutions there referred to might include private schools.

Counsel for the appellant has cited as his chief authority for his contention, *Matter of Rockefeller,* 223 N. Y. 563, which in my opinion is easily distinguishable from this case.   In that case the character of the corporation under consideration as shown by its charter, was " for the purpose of receiving and maintaining a fund or funds and applying the income and principal thereof to promote the welfare of mankind throughout the world," and in no sense was the purpose of the corporation limited to a family.

Considering all of the objects as set forth in the articles of incorporation of the Beekman Family Association, I am forced to the conclusion that the Beekman Family Association does not come within the class of corporations contemplated by the statute as being entitled to exemption under the Tax Law.

I therefore conclude that the property passing under the residuary clause of the decedent's will is not entitled to exemption and that the order confirming the report of the appraiser fixing the transfer tax should be affirmed, with costs.

Order affirmed, with costs.