In the Matter of the Appraisal of the Estate of GERARD BEEKMAN, Deceased, under the Acts Relative to the Taxable Transfers of Property.

THE BEEKMAN FAMILY ASSOCIATION and Others, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Second Department, May 6, 1921.

Taxation — transfer tax — transfer of property to membership corporation, giving preference to members of testator's family but organized principally for charitable purposes is exempt.

Property transferred to a membership corporation is exempt from the transfer tax under section 221 of the Tax Law, though preference is given in the charter of the corporation to ·members of the testator's family, where the objects of the corporation are not solely directed to the benefit of said members, but others than members of testator's family, and are for such charitable, benevolent and religious uses as the directors shall deem proper and desirable, for said corporation is a charitable corporation within the meaning of the Tax Law relating to taxable transfers.

APPEAL by the Beekman Family Association and others from an order of the Surrogate's Court of the county of Nassau

entered in the office of the clerk of said court on December 31, 1920, affirming an order entered in said clerk's office January 20, 1920, fixing the transfer tax on the estate of Gerard Beekman, deceased.

*Herbert L. Fordham,* for the appellants.

*James N. Gehrig,* for the respondent.

RICH, J.:

The executors of the estate of Gerard Beekman, and the Beekman Family Association, a corporation formed under the Membership Corporations Law, claim exemption, under section 221 of the Tax Law, from the payment of a transfer tax, on the ground that the Beekman Family Association is a charitable corporation. The Comptroller contends that the objects of the corporation are selfish and private, and the acting surrogate has held that the objects of testator's beneficence were limited to his own kin, and the corporation is not a charitable corporation. (114 Misc. Rep. 73.)

The character of the corporation in question is to be determined by an examination of the purposes for which it was organized as stated in its articles of incorporation. They are six in number, four of which may be considered as providing for benefactions to members of the Beekman family. The fifth provides for the support, maintenance and education of a person or persons *other than* members of the Beekman family and " to contribute towards the maintenance of educational institutions *otherwise than* for the education of members of the Beekman family, and to contribute to charitable and benevolent uses and to religious purposes, as from time to time the Board of Directors shall deem proper and desirable." While the objects of the corporation contained in the first four subdivisions of paragraph 2 of the articles of incorporation might indicate that it would be possible for the directors to devote testator's residuary estate in part to private use, viz., for the benefit of members of the Beekman family (*Matter of Shattuck,* 193 N. Y. 446), it seems to me that the articles of incorporation have been so framed as to indicate merely an intention to give a preference to members of that family. This does not preclude it from possessing the character of a charitable corporation. (*Matter*

*of MacDowell,* 217 N. Y. 454.)   The objects of the corporation are not solely directed to benefiting members of the Beekman family, but others than members of that family, and for such charitable, benevolent and religious uses as the directors shall deem proper and desirable.   As pointed out by Judge CARDOZO in *Butterworth* v. *Keeler* (219 N. Y. 446, 450), the *Shattuck Case* (*supra*) lays down no principle of large and general application.   It defines the meaning of a particular will, and later cases have held that it must be limited to its special facts.   (Citing cases.)   The question is not what the board of directors of this corporation *may* do with its property, but what its articles of incorporation *authorize.*   Broad authority is conferred upon the directors for the application of its funds for charitable, benevolent and religious purposes, for the abuse of which they are answerable, and against which the corporation is adequately protected.   It follows, I think, that the Beekman Family Association is a charitable corporation within the meaning of the acts relative to the taxable transfers of property, and, as such, exempt from the transfer tax.

The order of the Surrogate's Court of Nassau county must, therefore, be reversed, and the case remitted to said court for the entry of an order to conform with this opinion, with ten dollars costs and disbursements to the executors, payable out of the estate.

PUTNAM, J., concurs in separate opinion; BLACKMAR, P. J., MILLS and KELLY, JJ., concur in both opinions.

PUTNAM, J. (concurring):

The preference for lineal descendants of William Beekman in the articles of incorporation of the Beekman Family Association, a membership corporation formed in 1910, is seriously urged.   Does such a preference for members of a family clan take such corporation out of the religious, educational and altruistic purposes excepted from transfer taxation under section 221 of the Tax Law?   Such a restricted view would subject to the burden of taxation some of the oldest charity foundations.   In the year 1386 William of Wickham founded New College at Oxford.   He was the first in England to provide for the founder's own kindred, " ordering

that his own kinsmen should be preferred before others."
Not only was it valid, but it served as a pattern for others.
Thus in his Church History, Thomas Fuller says: " A··d as
this Wickham was the first in that kind so provident for his
kindred, his practice has since been precedential to some
other colleges, as the statutes of this House are generally
a direction to other later foundations." (Vol. I [ed. 1842],
p. 454.) The lineal descendants of one dead 250 years have
become so dispersed as hardly to be within the range of
" kindred " of this testator. But even a preference for the
testator's personal family and his descendants in a narrower
sense, if within the objects of the trust, does not take away the
character of a charitable gift. (*Matter of MacDowell,* 217
N. Y. 454; *Matter of Robinson,* 203 id. 380, 382; *Darcy* v.
*Kelley,* 153 Mass. 433; *Perin* v. *Carey,* 24 How. [U. S.] 465.)

The wide and comprehensive exemptions by section 221 of
the Tax Law I think cover this residuary bequest, and, there-
fore, I concur for reversal.

BLACKMAR, P. J., MILLS and KELLY, JJ., concur.

Order of the Surrogate's Court of Nassau county reversed,
and case remitted to said court for the entry of an order to
conform with opinion by RICH, J., with ten dollars costs and
disbursements to the executors payable out of the estate.