1. WILLS—UNCERTAINTY—RELIGIOUS USES.
   A bequest to the priest of a certain church for the saying of masses for the repose of testatrix's soul and the souls of her relatives and benefactors is not void for uncertainty as to beneficiary, in view of Laws 1893, c. 701, providing that a bequest to religious uses shall not be deemed invalid for uncertainty.

2. SAME.

    A bequest to a priest of a certain church for masses is not one to a religious association, within Laws 1860, c. 360, prohibiting a person having certain relatives from bequeathing to a religious association more than half his estate.

Proceedings for the construction of the will of Sophia Zimmerman, deceased.

H. B. Van Peyma, for executor.

Tabor & Wilkie, for contestant, John Zimmerman.

MARCUS, S. There is no dispute as to the testamentary capacity of the testatrix, or the due execution of the will. The husband of the testatrix has put in issue, under section 2624 of the Code of Civil Procedure, first, the validity of the bequest "to the priest of St. Mary's Church of Lancaster, New York, of the sum of $600, for which masses shall be said for the repose of my soul, and that of my husband, and all my relatives and benefactors," claiming—First, that such bequest is void for uncertainty as to the trustee and beneficiary; second, that, if valid, it is a bequest in fact to St. Mary's Church, and in that event the will gives the corporation named therein more than one-half of her estate, and as to the excess the same is void, and the husband takes; and, third, that in the first event the husband takes, instead of the residuary legatee, the St. Mary's Church of Lancaster, named in the sixth clause of the will, since the same is in contravention of chapter 360 of the Laws of 1860, which provides that no person having a husband, wife, parent, or child shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious, or missionary society, association, or corporation, in trust or otherwise, more than one-half of his or her estate after the payment of his or her debts. The third clause of the will gives and bequeaths to the St. Mary's Church of Lancaster the sum of $200, to be used towards the payment of the indebtedness of that church. The fourth clause gives and bequeaths to the Seminary and College of our Lady of Angels at Suspension Bridge, New York, the sum of $200, to be used for the support and education of poor and needy students for the priesthood. The fifth clause gives and bequeaths to the husband of the testatrix the sum of $300. It is conceded that the total amount of the personal estate does not exceed more than $1,700.

The first objection, that the bequest is void for uncertainty as to trustee and beneficiary, is without force, by reason of chapter 701 of the Laws of 1893, which provides that:

    "No gift, grant, devise or bequest to religious, educational, charitable, or benevolent uses, which shall, in other respects, be valid under the laws of this state, shall be or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant, bequest or devise, there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such lands or property shall vest in the supreme court."

It is contended that the attempt on the part of the testatrix to have her executrix pay the priest of the church $600 for the pur-

pose of saying masses is in fact a bequest to the church; that such bequest for masses does not invest him, as an individual, with any interest in the fund; but that he would take it, if at all, as a priest of the church, for the purpose of having masses said, which is a religious purpose, and therefore within chapter 360 of the Laws of 1860, which forbids the disposition of more than one-half of an estate, as before mentioned. The point seriously urged is that the bequest of the testatrix to the priest must be deemed to have been given to the priest for the benefit of the church with which the legatee was associated and officiating. The legacy is given to the person who, when the will took effect, should be exercising the pastoral functions in the designated church, and, though not described by name, is, nevertheless, capable of full and complete identification. "The beneficiary under the trust is the minister officiating at the church named, for the time being. Although the particular. individual is not named, he is so described that he is capable of being identified and distinguished from every other human being. There is nothing uncertain or indefinite in the description." Holmes v. Mead, 52 N. Y. 343. I cannot conclude that a bequest to a priest individually in any way connects the church with the legatee. The same, bequeathed legally, and by the universal practice of the church, belongs to the priest, and neither the church nor any superior to the priest therein can call him to an account thereof.

In the case of Vanderveer v. McKane (Sup.) 11 N. Y. Supp. 808, a situation is found analogous to the case at bar. The testatrix bequeathed $5,500 to her executors, to be by them paid as therein directed: $500 each to the pastors of certain Roman Catholic churches, and $250 each to the pastors of certain Roman Catholic churches, which amounts were to be paid for masses to be said in said churches. The bequest was attacked by her father, as being in contravention of chapter 360 of the Laws of 1860. Bartlett, J., writing the opinion, said: "I do not regard the bequest to the pastors of the various Roman Catholic churches specified in the eleventh article as bequests to the corporations at all. They are simply legacies to the several persons who, when the will took effect, should be exercising the pastoral functions in the several designated churches." See Cottman v. Grace, 112 N. Y. 299–308, 19 N. E. 839. "Neither is a bequest to the Roman Catholic bishop of Long Island a bequest to a corporation within the meaning of the act of 1860."

The will leaves little doubt as to who the testatrix intended should have the $600 mentioned in the second clause of her will. In that clause she mentions the priest of St. Mary's Church, while in the third clause she makes a bequest directly to St. Mary's Church. It may be asked why she did not omit the word "priest" in the second clause if she intended the church to receive the money. The fact that the law designates the Reverend Mr. Scheffles a trustee of this church by reason of his being the priest named in the articles of incorporation cannot require him to account as trustee to the church for everything he may receive in the exercise of his ministerial functions. I am satisfied that no trust is created in this will, but a conditional legacy. After masses shall have been said in accordance with the

conditions annexed to said legacy by the Reverend Mr. Scheffles, he will, on showing a future performance of the condition to say masses as mentioned, be entitled to the legacy in his favor. Concluding, therefore, that the bequest to the priest is a bequest to him, and not to the church, it follows that not more than one-half of the estate is bequeathed to corporations, and is therefore valid. The paper propounded may go to probate.

Probate granted.