(81 Misc. Rep. 103.)

### In re POLCHINSKI.

(Surrogate's Court, New York County. May, 1913.)

1. WILLS (§ 733*)—CONSTRUCTION—TIME FOR PAYMENT OF LEGACY.

A legacy to the pastor of a certain church for saying masses for the souls of testatrix and her husband is payable to the pastor of the church at the time of testatrix's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1819–1846; Dec. Dig. § 733.*]

2. WILLS (§ 775*)—LAPSED LEGACY—RESIDUARY ESTATE.

Where both the legatee and her sole child and issue predeceased testatrix, the legacy lapsed and was distributable under the residuary clause of the will; Decedent's Estate Law (Consol. Laws 1909, c. 13) § 29, as amended by Laws 1912, c. 384, saving from extinguishment a legacy bequeathed to a descendant who shall die during testator's lifetime leaving a child who shall survive testator, not applying where both the legatee and the child predeceased testatrix without leaving issue.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997–2000; Dec. Dig. § 775.*]

Judicial settlement of the account of Joseph Polchinski, executor of Agnes Rywolt, deceased. Decreed according to opinion.

William A. Keating, of New York City, for executor.
James F. Donnelly, of New York City, for Marian Oboroska.
Joseph P. Bourke, of New York City, special guardian.

COHALAN, S. This matter now comes before the surrogate upon an executor's accounting, in which a construction is asked of paragraphs 3 and 10 of the will of the above-named decedent.

Paragraph 3 reads as follows:

"I give and bequeath to the pastors of the following churches the amounts of money set after their names for the purpose of saying masses for the souls of my husband Frank Rywolt and myself: (a) St. Valentine's Polish Church, situated in Williamsbridge, $250; (b) St. Cadmus Polish Church, Yonkers, N. Y., $250; (c) St. Mary's Roman Catholic Church, Williamsbridge, $250; (d) St. Joseph's Roman Catholic Church, near One-Hundred and Seventy-Seventh street and Washington avenue, Tremont, N. Y., $250."

[1] At the time of the death of the decedent, on the 25th of January, 1911, Rev. Antoni Jakuboski was the pastor of St. Valentine's Polish Church of Williamsbridge and continued to be such up to on or about May 2, 1912. At the present time Rev. Charles Czarkowski is the pastor of the said church, and the executor asks this court to construe that paragraph so that it may be determined which of the two pastors is entitled to the aforesaid bequest. The legacy of $250 should be given to the pastor of the church at the time of the death of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testatrix, when the will took effect. See Matter of Zimmerman, 22 Misc. Rep. 411, 50 N. Y. Supp. 395.

[2] The tenth clause of the will reads as follows:

"I give and bequeath to my granddaughters, the children of my daughter Julia Owsion, the amounts set opposite their names, with interest at four per cent. (4%) from the time of my death to the time they are paid, to be paid to each on their becoming twenty-one (21) years of age, and if any one does not reach said age, then that one's share shall revert to the residuary estate: (a) To Agnes Owsion, the sum of $200; (b) to Sophia Owsion, the sum of $200; (c) to Victoria Owsion, now Mrs. Oboroska, the sum of $200."

The said Victoria Owsion (Mrs. Oboroska) died before the testatrix, leaving a daughter, Cecilia Oboroska, and a husband Marian Oboroska. The daughter, Cecilia, also predeceased the testatrix, and the executor asks for instructions as to whom to pay this legacy of $200 bequeathed to Victoria Owsion.

It is well settled that at common law a legacy does not vest in the legatee until the death of the testator, and should the legatee predecease said testator the legacy lapses and either sinks into the residue or is distributed according to the rule of the statute of distributions. Savage v. Burnham, 17 N. Y. 561; Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945; Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457; Moffett v. Elmendorf, 152 N. Y. 475, 46 N. E. 845, 57 Am. St. Rep. 529. An exception is created by statute (Decedent Estate Law [Consol. Laws 1909, c. 13] § 29, as amended by chapter 384 of the Laws of 1912) saving from extinguishment a legacy bequeathed to a child or other descendant of a testator or to a brother or sister of a testator who shall die during the lifetime of the testator leaving a child or other descendant who shall *survive* such testator, but this section is inapplicable to the matter now before me for the reason that the child of the legatee also predeceased the testatrix without leaving issue. The legatee, Victoria Owsion (Victoria Oboroska), and her daughter, Cecilia Oboroska, both having predeceased the testatrix, never became entitled to the legacy of $200, and the same must be distributed under the residuary clause contained in the will. Costs taxed. Insert amounts in decree and present the same for signature.

Decreed accordingly.