Surrogate's Court, Kings County, January, 1924.        [Vol. 122

death, except where a child was under the age of twenty-one years, in which event she wished the property held in trust for such child as heretofore stated.

We should, of course, give some effect to the words " *after my decease* " heretofore referred to, if possible. As was said in *Matter of Buechner, supra:* " Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a ' desperate remedy.' (*Adams* v. *Massey*, 184 N. Y. 62, 69.) It is ' only a last resort, to be availed of when all efforts to reconcile the inconsistency by construction have failed.' (*Van Nostrand* v. *Moore*, 52 N. Y. 12, 20.)" Effect can be given to them if we read them to apply to the shares of such of the children as might be minors at the time she died. In other words, if any of the children had not received their shares at the time of her death by reason of infancy and had died before they attained the age of twenty-one years and the trust for their benefit ended, and left issue them surviving, such issue were to receive the parent's share.

I, therefore, reach the conclusion that such is the construction that should be given to this will. By it all the rules to which I have referred are followed, all of the language of the will is given effect, and in my opinion the intention of this testatrix is carried out. As the deceased daughter of the testatrix was over the age of twenty-one years at the time of the death of the testatrix, her share became vested in her and does not pass directly from the testatrix to the issue of such deceased daughter. Settle decision and decree accordingly.

Decreed accordingly. _____

In the Matter of the Petition of THE BANK OF AMERICA to Render and Settle Its Final Account as Trustee of the Last Will and Testament of ELLEN M. SUYDAM, Deceased, and for a Construction of the Will.

Surrogate's Court, Kings County, January, 1924.

Executors and administrators — accounting — more than one-half of decedent's estate devised and bequeathed to charitable corporations — rule applicable in computing proportion of estate going to charities under Decedent Estate Law, § 17 — computation of sums presently assured — death of life tenant — rule applicable as to personalty falling into intestacy — avails of land retains character of realty — when heirs and charitable corporations deemed tenants in common of unsold real estate.

Upon the judicial settlement of the accounts of a testamentary trustee it was conceded that the testatrix by devise and bequest of the remainder interest in her residuary estate to charitable corporations attempted to give them more

than one-half of her estate after payment of debts. *Held*, that in computing the proportions of the estate that may go to charities under section 17 of the Decedent Estate Law, the debts must first be deducted from the gross personal estate and to the net personalty must be added the value of the real estate as lessened by the loss on sales.

One-half of the amount thus ascertained, as of the time of decedent's death, is all that can be distributed under the will to the charities, but in computing the amount presently to be assured to them the testamentary provisions deferring the enjoyment of their legacies and devises until the termination of the life estate of decedent's husband, must be taken into account, and the actual condition of the life estate being now known, the value of the remainder is to be fixed upon the basis of said actual condition and not upon the expectancy of life according to the tables of mortality.

What the charities are presently entitled to take, indicated, and so much of the personalty as falls into intestacy under the statute is, after satisfaction of expenses of administration, payable to the representative of decedent's husband; so much of the avails of land as falls into intestacy retains the character of realty and is payable to decedent's heirs, and with respect to unsold land the charities and the heirs are tenants in common to the extent of their relative interest as of the time of the death of the life tenant.

PROCEEDING to settle trustee's accounts and for construction of will.

*Rumsey & Morgan* (*Richmond L. Brown*, of counsel), for petitioner.

*Henry D. Lott* (*Oeland & Kuhn*, of counsel), for Ellen R. Suydam.

*Larkin, Rathbone & Perry* (*Hersey Egginton* and *Harold A. Donegan*, of counsel), for Brooklyn Bureau of Charities.

*Theodore L. Frothingham*, for The Brooklyn Hospital.

*Cullen & Dykman* (*Francis L. Durk* and *Ralph W. Crolly*, of counsel), for the Brooklyn Society for the Prevention of Cruelty to Children.

*Louis Charles Wills*, for the Williamsburgh Hospital and Dispensary.

*J. Hunter Lack*, for International Sunshine Branch for the Blind.

*Charles J. W. Meisel*, for Moravian Seminary and College for Women.

*Van Doren, Conklin & McNevin*, for Gertrude Halstead.

*Carl Sherman*, attorney-general, for the People of the State of New York.

*Joseph A. Kennedy*, special guardian.

WINGATE, S.   That the testatrix, in devising and bequeathing to charitable corporations the remainder interest in her residuary real and personal property, attempted to give to them more than one-half of her estate after the payment of debts, is evidenced by the account and is conceded by the corporations involved.

Surrogate's Court, Kings County, January, 1924.        [Vol. 122

In computing the proportion of her estate that may go to the charities, under section 17 of the Decedent Estate Law, the debts must first be deducted from the gross personal estate, and to the net personalty thus found must be added the value of the real property as lessened by the loss on sales. *Matter of Brooklyn Trust Company (Webb Estate)*, 92 Misc. Rep. 695, 701; affd. on this point, 179 App. Div. 262.

One-half of this amount, thus ascertained, as of the time of the decedent's death, is the utmost that can be distributed by the will to the charities; but in computing the amount now to be assured to them, account must be taken of the provisions of the will deferring the enjoyment of their legacies and devises until the termination of the life estate of decedent's husband. The actual duration of this life estate is now known — four years, ten months and twenty-six days — and the value of the remainder is to be fixed upon the basis of its actual duration and not upon the expectancy of life according to the tables of mortality.

Taking these factors into consideration, and giving full effect to the statute, the surrogate is of the view that the corporate beneficiaries are now entitled to receive money and to take an undivided interest in unsold land of decedent of a combined value equivalent to one-half of the estate, less debts, ascertained as already indicated, plus interest thereon at the rate of five per centum, compounded annually, from the date of death of decedent to the date of death of the life tenant.

The charities are further entitled to such income as has been earned since the life tenant's death by the portion of decedent's estate thus found to be theirs.

The entire interest of the charities is not, however, presently payable in money derived from the personalty. The gifts to them are not solely of personalty, but of land as well, and are to be satisfied proportionally from the personalty remaining after the payment of debts and from land and its avails. So much of the personalty as falls into intestacy, under the statute, is, after the satisfaction of expenses of administration, payable to the representatives of decedent's husband. So much of the avails of land as falls into intestacy retains the character of realty and is payable to decedent's heirs. With respect to the land unsold, the charities and the heirs are tenants in common to the extent of their relative interests as of the time of the death of the life tenant, as in this memorandum indicated.

The details of distribution may be adjusted by counsel under the rule discussed in *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Chamberlain* v. *Taylor*, 105 id. 185; *Parker* v. *Linden*, 113 id. 28; *Read* v.

*Williams,* 125 id. 560; *Jones* v. *Kelly,* 170 id. 401; *Barber* v. *Terry,* 224 id. 334; *Matter of Braasch,* 206 App. Div. 96; *Matter of Hamilton,* 100 Misc. Rep. 72.

If counsel are unable to agree in this respect, they may, upon the settlement of the decree, submit memoranda of their views.

The trustee having been unable to ascertain the identity of the heirs, the decree may provide for payment into court of such portion of their shares as is presently payable.

Settle decree of distribution accordingly.

Decreed accordingly.