In the Matter of the Petition of BROOKLYN TRUST COMPANY to Render and Settle Its Final Account as Trustee under the Will of CAROLINE A. SEYMOUR, Deceased.

Surrogate's Court, Kings County, January, 1924.

Executors and administrators — accounting — decedent, with surviving husband, bequeathed and devised more than one-half of estate to charitable corporation — when such disposition of estate deemed to fail under Decedent Estate Law, § 17 — when estate distributed as in cases of intestacy — rule applicable in computing sums to be paid corporate devisee and legatee and decedent's heirs and next of kin — when direction in will does not effect a conversion of the real property for all purposes.

Where the account of a testamentary trustee shows that the testatrix, whose husband survived her, attempted to devise and bequeath to a corporate charity more than section 17 of the Decedent Estate Law permits, such disposition, to the extent to which such gift exceeds one-half of the real and personal estate remaining after payment of debts, fails, and the excess is to be distributed as in cases of intestacy.

In ascertaining the half which may be taken by the charity all increases in principal must be added to the value of the estate as of the time of the death of the testatrix; thus both the corporate charity and the beneficiaries under the statute share in gains of capital as they would, in other case, share losses.

A direction of the will that when the occupancy of her house by her husband " shall cease, the house and furniture shall be sold and the proceeds go into my residuary estate " does not effect a conversion of the real property for all purposes as of the time of the death of the testatrix, but is only designed in aid of distribution, which as to these proceeds is to be made at the husband's death, and as to so much of the estate as the devise fails to dispose of, because in violation of law, the conversion also fails.

So much of the personalty in excess of the portion of the estate by law allotted to the charity as falls into intestacy is, after satisfying the expenses of administration, payable to the representatives of the decedent's husband, while so much of the avails of land as fails of valid disposition retains the character of realty and is payable to the heirs of the testatrix.

The devise and bequest to the corporate charity consisted of four separate vested remainders in as many trust funds vesting in possession and by enjoyment as

to each upon the death of the life tenant. *Held*, that in computing the sums to be paid to the corporate devisee the factor of postponement and enjoyment must be taken into consideration, and a computation made in accordance with *Matter of Suydam*, immediately *ante*, taking the life of the decedent's husband at its actual duration.

The corporate charity may presently receive so much of its share as is payable under the method of computation above indicated from the proceeds of land forming a part of the residuary trust, and the balance of said proceeds is now payable to decedent's heirs at law.

Of the portion of the corporate charity's share payable from the personalty it may now receive only such proportion as the personalty constituting the principal of the residuary trust shall bear to the aggregate personalty constituting the principal of all four trusts established by the will.

PROCEEDINGS to settle trustee's account.

*Cullen & Dykman*, for petitioner.

*Austin, McLanahan, Merritt & Ingraham* (*Henry A. Ingraham*, of counsel), for executors of the will of William H. Seymour, deceased.

*Baylis & Sanborn*, for Grace S. Sanborn.

*Omri F. Hibbard*, for Church Charity Foundation.

*James S. Regan*, special guardian.

WINGATE, S. The account shows that the testatrix attempted to devise and bequeath more than the statute permits to a corporate charity. Her husband having survived her, by force of section 17 of the Decedent Estate Law, this disposition, to the extent to which the devise and bequests exceed one-half of her real and personal estate, remaining after the payment of debts, fails. The excess is to be disposed of as intestate property.

In ascertaining the half which may be taken by the charity, the increases in principal must be added to the value of the estate as of decedent's death. See *Matter of Brooklyn Trust Company* (*Webb Estate*), 92 Misc. Rep. 695, 701; affd., 179 App. Div. 262. Thus, the corporate charity and the beneficiaries under the statute share in gains of capital, as they would, in other case, share losses. *Matter of Brooklyn Trust Company, supra; Matter of Suydam*, 122 Misc. Rep. 340.

The direction in paragraph 3 of the will, that, when the occupancy of her house by her husband " shall cease, the house and furniture shall be sold and the proceeds go into my residuary estate," did not effect an out and out conversion of the real property for all purposes as of the time of decedent's death. *Vincent v. Newhouse*, 83 N. Y. 505; *Metropolitan Trust Co. v. Krans*, 186 App. Div. 368, and cases cited. The conversion directed was only designed in aid of distribution, which as to these proceeds was to be made at

the termination of the husband's occupancy. This occupancy did not terminate until his death.

Inasmuch, however, as the directed conversion is but " an incident to the devise and for the purpose of making it conveniently workable, then, as to so much of the estate as the devise fails to dispose of, because in violation of law, the conversion also fails. The real estate may be so situated as to require a sale of all of it in order to execute the valid portions of the will, and thus it will be turned into money in fact, but for the purposes of disposition under the statute as intestate property, it will retain its character as real estate." *Jones* v. *Kelly*, 170 N. Y. 401, 408, 409. See, also, authorities cited *infra*.

Of the estate in excess of the portion by law to be allotted to the charity, so much of the personalty as falls into intestacy is, after the satisfaction of expenses of administration (*Matter of Brooklyn Trust Company, supra*), payable to the representative of the deceased husband, while so much of the avails of land as fails of disposition retains the character of realty and is payable to decedent's heirs. *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Chamberlain* v. *Taylor*, 105 id. 185; *Parker* v. *Linden*, 113 id. 28; *Read* v. *Williams*, 125 id. 560; *Jones* v. *Kelly, supra; Barber* v. *Terry*, 224 N. Y. 334; *Matter of Braasch*, 206 App. Div. 96; *Matter of Hamilton*, 100 Misc. Rep. 72.

The devise and bequests to the charity consist of four separate vested remainders, in as many trust funds, vesting in possession and enjoyment as to each fund, respectively, upon the death of the life tenant thereof. In computing the sums now and hereafter to be paid to such corporate devisee this factor of postponed enjoyment must be taken into consideration. The computations in this relation will be made in accordance with the decision in *Matter of Suydam, supra*, taking the life of the husband at its actual duration.

The charity being, as said, the remainderman of four separate trusts, question arises: Is its full share, as diminished by statute, to be presently paid out of the residuary fund, held primarily for the life of decedent's husband, and now liberated from the trust by his death, or is it to be paid proportionally from the several trust funds, and from time to time, as each is rendered available for the purpose, by the death of the life beneficiary thereof?

That the intervention of the statute results in an abatement of the testamentary gift to the corporate charity as to each class of property embodied therein, real as well as personal, is clear from the authorities cited *supra*. By the same reasoning, its operation works a proportional abatement of the several remainder interests created by the will.

Were this not so, and were the contention that the charity should be now paid in full and the estate of the deceased husband required to await the termination of the life estates for full payment of his share, the effect would be to depart from the distribution intended by the will and statute, which is to be read as part of the will. To accept this contention as valid would be to recognize in the charity or in the surrogate, or both, a power of election as to priority of payment between beneficiaries of equal right. If such a power exists, it may, in an easily conceivable case, result not only in an arbitrary postponement of enjoyment but in the destruction of any right of enjoyment at all. It does not appear to the surrogate that such a power, so drastic in its possible consequences, resides in him or in the charity, under the will or statute, and, in the absence of controlling authority to the contrary, it is held that no such power exists.

The charity may now receive so much of its share as is payable, under the method of computation before indicated, from the proceeds of land forming a part of the residuary trust. The balance of these proceeds is now payable to decedent's heirs at law. Of the portion of its share payable from personalty, it may now receive only such proportion thereof as the personalty constituting principal of the residuary trust shall bear to the aggregate personalty constituting principal of all four trusts established under the will. Other payments will be made when the continuing trusts terminate.

If the details of distribution, under the directions herein outlined, cannot be agreed upon by counsel for the parties, they may, upon the settlement of the decree, submit to the court in writing their views as to the questions involved.

Settle decree of distribution accordingly.

Decreed accordingly.