In the Matter of the Estate of LEMUEL F. WADDELL, Deceased.

Surrogate's Court, Orange County, May 9, 1927.

Wills — construction — testator created trust with income to widow for life — trustee was directed to pay so much of principal to widow as in his judgment may be " necessary " for her support — on wife's death trust fund was to be divided between two missionary societies — validity of provision, under Decedent Estate Law, § 17, cannot be determined until widow's death.

The testator directed the sale of his property and the payment of the income from the proceeds thereof to his wife for life and so much of the principal as in the judgment of the trustee " shall be necessary " for her care and support. Upon said wife's death he directed his executor and trustee to divide the balance of the trust fund between two missionary societies.  The validity of the latter provision, under section 17 of the Decedent Estate Law, cannot be determined

until the widow's death, since the trustee may use the entire estate for her benefit as is his right and duty under the will.

The will may be admitted to probate and the validity of the provision as to the missionary societies can be determined subsequently.

PROCEEDING for probate and construction of will.

*Arthur M. Payne*, for the proponent.

*Carmine A. Panaro*, special guardian.

SMITH, S. Lemuel F. Waddell, a resident of Orange county, died leaving a moderate estate, and the Merchants National Bank of Middletown, N. Y., the executor and trustee named in his will, has filed application for the probate thereof. The special guardian, representing his incompetent widow and others, claims that the provisions of the will are in violation of the provisions of section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301). The provision of the will in question reads as follows:

" *Third.* All the rest, residue and remainder of all my estates, both real and personal, I give, devise and bequeath to MERCHANTS NATIONAL BANK OF MIDDLETOWN, N. Y., as trustee, to sell and convert into money all real and personal property of which I may die seized and possessed at such times and upon such terms as to said trustee shall seem best, and to invest the proceeds therefrom in good and safe securities and to pay or use the net income received therefrom and so much of the principal as in the judgment of my said trustee shall be necessary for the care, comfort, support and maintenance of my wife LAURA GRACE WADDELL for and during the term of her natural life, and upon her death to pay her funeral expenses, and it is my wish that she be buried in the Cemetery at Fosterdale, Sullivan County, New York. Upon the death of my said wife LAURA GRACE WADDELL, I direct my trustee to pay to the METHODIST EPISCOPAL CHURCH at Fosterdale, Sullivan County, New York, the sum of ONE THOUSAND DOLLARS ($1,000), which I hereby give and bequeath to said church, to be its and its successors and assigns forever; and I direct my said trustee to pay one-half of the balance of said trust fund to the Foreign Missionary Society of the Methodist Episcopal Church or to its proper officer or officers, which said one-half I give and bequeath to said Foreign Missionary Society of the Methodist Episcopal Church, to be its and its successors and assigns forever, and I direct my said trustee to pay the other one-half of the residue of said trust fund to the Home Missionary Society of the Methodist Episcopal Church or to its proper officer or officers, which said one-half of said residue I give and bequeath to said Home Missionary Society of the Methodist Episcopal Church, to be its and its successors and assigns forever."

The provision quoted differs from many somewhat similar provisions in cases which have arisen under section 17 of the Decedent Estate Law in that the trustee has the right, and it is its duty, to use so much of the principal as may be reasonably necessary for the support of the incompetent widow.  It may well be, indeed it is possible, that the entire estate will be used for that purpose.

The attempted gift to charitable purposes may be valid and, on the other hand, it may prove to be invalid in part in case the widow dies before one-half of the net estate has been used for her support.

The question as to the validity or invalidity of the provision in question should not be determined until the fact is established. (*Matter of Franklin Trust Co.*, 190 App. Div. 575; *Matter of Mount*, 185 N. Y. 162.)   At that time the question can be determined. (*Matter of Suydam*, 122 Misc. 340.)   The will may be admitted to probate at this time and the decree contain suitable provisions reserving decision on the question of validity of the paragraph giving portions of the estate to charitable organizations.   Submit decree in accordance herewith, with three days' notice of settlement.