In the Matter of the Petition of James S. Darcy and Others to Render and Settle Their Account as Executors, etc., and for Other Relief and for an Adjudication of the Claims of the Widow, Heirs at Law and Next of Kin of Decedent as to the Effect of the Last Will and Testament of Samuel Rowland, Deceased.

Surrogate's Court, Kings County, May 12, 1927.

**Wills — construction — gift for promotion of education and learning is gift for charitable use, if legatee is not maintained for profit — either acts of corporation or certificate thereof determines status of corporation — bequests to corporation conducted exclusively for promotion of education, learning and benevolent uses are gifts to charitable corporations — said corporations are entitled to take only one-half of estate pursuant to Decedent Estate Law, § 17 — equitable conversion not effected by provision in will for sale.**

A gift for the promotion of education or learning is a gift for charitable uses, where the school or institution to which the gift is made is not maintained for profit. Universities and hospitals are unquestionably public charities, though fees may be charged. But to determine the status of a corporation, either the acts of the corporation or its certificate of incorpoation or its charter must be considered.

Accordingly, corporations mentioned in decedent's will which are conducted exclusively for the promotion of education, learning and benevolent purposes and not for profit, are charitable corporations and come within the provisions of section 17 of the Decedent Estate Law.

Since the testator herein, having a wife, devised or bequeathed more than one-half of his estate to several such corporations, such devise or bequest is valid only to the extent of one-half of decedent's estate, and no more.

The provisions of the will for the sale of real estate, of which testator's residence constituted the whole, did not effect an equitable conversion of the real estate; the proceeds of the sale of the property retain the character of realty and so much thereof as falls into intestacy is payable to the heirs.

Accounting proceeding involving validity of devise or bequest under section 17 of the Decedent Estate Law.

*Daniel Burke* and *Darcy, Loughman & Bailey* [*James S. Darcy, A. V. McDermot* and *John H. Schmid* of counsel], for the executors.

*Lyon & Smith*, for Brooklyn and Queens Young Men's Christian Association.

*John French*, for Northfield Schools.

*Wilson E. Tipple*, special guardian for Caroline R. Rowland, widow.

*Edward W. Harris* [*Henry W. Jessup* of counsel], for Reba Tappan Morse and others.

*Van Vorst, Siegel & Smith*, for Fort Valley High and Industrial School.

*Dunn, Daly & Bain,* for the Board of Domestic Missions of The Reformed Church in America.

*Wingate & Cullen,* for the National City Bank of New York, as successor to the Peoples Trust Company.

*Percy S. Dudley,* for Long Island College Hospital.

*Pallister & O'Connell,* for General Synod of the Reformed Church in America.

*Robert F. Greacen,* for the Brooklyn Home for Aged Men.

*Cadwalader, Wickersham & Taft,* for The Salvation Army.

*Cullen & Dykman,* for The Brooklyn Society for the Prevention of Cruelty to Children.

WINGATE, S.  The main question to be determined is whether testator by his will devised or bequeathed more than one-half part of his estate after payment of his debts to the corporations or purposes included in section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301).

The answer will be found, *first,* by determining the legislative intent as expressed by the words " benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose," and, *second,* by determining whether the corporate legatees come within that intent.

It is conceded that the Board of Foreign Missions, The Long Island College Hospital, Lincoln Settlement Association, Inc., The Salvation Army, Orphan Asylum Society, First Ecclesiastical Society of the First Church of Christ, Fairfield, Connecticut, Fairfield Library, International Committee of Young Men's Christian Associations, General Synod of the Reformed Church in America, and Board of Domestic Missions of the Reformed Church in America come within the provisions of section 17 of the Decedent Estate Law, and such is undoubtedly the fact.

It is denied that the Brooklyn Society for the Prevention of Cruelty to Children, Brooklyn Association for Improvement of the Condition of the Poor, Brooklyn Home for Aged Men, Utica Normal and Industrial Institute, Fort Valley High and Industrial School, Piney Woods Country Life School, Slater Industrial and State Normal School, Board of Trustees of the Western Theological Seminary, Central University of Iowa, The ·Northfield Schools, and The Brooklyn and Queens Young Men's Christian Association come within the provisions of that section.

The charters of the corporations are presented by stipulation, or read into the record, and as to one institution, oral testimony is given.

Certain affidavits filed in the transfer tax proceeding are introduced for tne purpose of establishing admissions against interest. It is questionable whether these can be considered as having any weight. They are merely the expression of belief, by careless affiants, obviously inaccurate in part, upon a question of law as to which the opinion is valueless.

In *Matter of Rockefeller* (177 App. Div. 786, 791) it was held that " the test of a charitable gift or use and a charitable corporation are the same." That case was affirmed by the Court of Appeals without opinion (223 N. Y. 563), and in *Matter of Beekman* (232 N. Y. 365) the statement, as quoted, is repeated, citing *Matter of Rockefeller*.

In *Butterworth* v. *Keeler* (219 N. Y. 446, 449, 450) it is held that " it is established law in this State that a gift for the promotion of education or learning is a gift for charitable uses," where the school or other institution is not maintained for profit, and that universities and hospitals are unquestionably public charities, though fees may be charged, and that the line of division is the same " whether the gift is devoted to education or to the relief of the poor, the halt and the blind."

The status of the corporation must be determined by the act of incorporation, or the certificate of incorporation, or charter. (*Matter of DePeyster*, 210 N. Y. 216.) Whether or not the acts of the corporations might be considered to indicate their character is immaterial here, as no acts are attempted to be proven.

The stipulation in which the facts are submitted states that each corporation whose status is in question " is conducted exclusively for the purpose of its organization and no one of said corporations is conducted directly or indirectly for making any pecuniary profit for said corporation or any of its members or employees and no officer, member or employee of any of said corporations receives or may be lawfully entitled to receive any pecuniary profit therefrom or from the operations thereof except reasonable compensation for services in effecting one or more of the purposes of said corporation." With these facts in mind, examination of the charters of the corporations whose status is in dispute discloses the fact that the Utica Normal and Industrial Institute, Fort Valley High and Industrial School, Piney Woods Country Life School, Slater Industrial and State Normal School, Board of Trustees of the Western Theological Seminary, Central University of Iowa, and The Northfield Schools are corporations for the promotion of education and learning, not maintained for profit, and are, within the ruling in *Butterworth* v. *Keeler* (*supra*), charitable corporations.

If the contention of counsel for the Brooklyn and Queens Young Men's Christian Association, that it is an educational corporation, be accepted, the same result would be reached as to that association, but the purposes set out in its charter lead irresistibly to the conclusion that it is in fact a charitable corporation, as charity is understood and defined by law.

*Matter of Moses* (138 App. Div. 525) is not authority to the contrary, the decision in that case not being a determination that the Young Men's Christian Association was not a charitable corporation. The surrogate below held it to be in the class " educational, charitable, benevolent," and JENKS, J., in his opinion, held it to be " educational," which was sufficient for the result reached.

The Brooklyn Society for the Prevention of Cruelty to Children, Brooklyn Association for Improving the Conditions of the Poor, and Brooklyn Home for Aged Men are, according to their charters and under the same authorities, found to be charitable corporations. (*Matter of MacDowell*, 217 N. Y. 454.)

All being charitable corporations, all come within the provisions of section 17 of the Decedent Estate Law.

Such being the case, it necessarily follows that the testator by his will devised or bequeathed more than one-half of his estate to corporations in violation of that section, and, having a wife, such devise or bequest is valid to the extent of one-half and no more.

The widow elected not to accept the provisions in the will in lieu of dower, took dower instead, and her dower has been adjusted.

The provisions of the will for the sale of the real estate, of which the residence constituted the whole, did not effect an equitable conversion of the real estate. (*Matter of Seymour*, 122 Misc. 343; 209 App. Div. 655; 239 N. Y. 259.) The proceeds of the sale of the real estate retain the character of realty, and so much thereof as falls into intestacy is payable to the heirs. (*Matter of Seymour, supra.*) The amount represented by the mortgage investment, to satisfy by its income the widow's dower, as admeasured, passes, upon her death, to the residuary estate and must be taken into account in ascertaining the total value of the real estate, with appropriate computation for postponement for the widow's expected life according to the tables of mortality, to be adjusted upon the settlement of the decree. At the same time the correction of corporate names and other minor matters not disputed may be disposed of.

Settle decree on notice.