In the Matter of the Petition of TITLE GUARANTEE AND TRUST COMPANY to Render and Settle Its Account as Executor, etc., of ELLA BROWN, Deceased.

Surrogate's Court, Kings County, December 2, 1929.

*C. Elmer Spedick*, for the petitioner.

*Edgar Weaver*, for the respondents.

*Richard E. Walsh*, for James Cunningham and Sarah Hurley.

*Joseph H. Fargis,* for St. Joseph's Home.

*Joseph A. Cahill,* for St. John's College and Rev. James F. Kennedy, pastor of St. John the Baptist's Church.

WINGATE, S. The testatrix in this proceeding died on January 21, 1928, and her will was probated in this court on April 13, 1928. She was survived by her husband, John J. Brown, who died intestate on March 18, 1928. Mrs. Brown's sole heirs at law and next of kin were her maternal uncle, James Cunningham, and her aunt, Sarah Hurley. The sole heirs at law and next of kin of John Brown were his sisters, Elizabeth A. Magenheimer and Mary Mulloney, to whom administration on his estate has been granted.

Mrs. Brown's will, so far as here material, gave a legacy of $500 to the pastor of St. John's Church, Willoughby and Lewis avenues, Brooklyn, " to be used for the saying of masses for the repose of the souls of myself and of my husband," gave contingent life estates to her husband and uncle in a trust fund of $12,000 and to her uncle in an additional trust fund of $8,000 and divided the entire residue between St. John's College and St. Joseph's Home.

Objections have been interposed by Mr. Brown's administratrices under section 17 of the Decedent Estate Law (as amd. by Laws of 1927, chap. 502),* to the effect that the testamentary disposition resulted in a gift or more than half of the estate to benevolent corporations within the inhibition of the statute.

It is conceded that the value of Mrs. Brown's personal estate, after payment of debts, amounted to $36,574.20, and her real estate to $1,738.34. It is further conceded that the gifts to the benevolent corporations exceeded one-half of testatrix's estate, irrespective of whether the rule of computation of the value of the life estates on the basis of mortality tables enunciated in *Matter of Durand* (194 N. Y. 477, 488), or based on actual duration (*Matter of Suydam,* 122 Misc. 340, 342; *Matter of Seymour,* Id. 343; affd., 209 App. Div. 655, 659; modified on other grounds, 239 N. Y. 259) be applied.

The contention that the bequest to the pastor of St. John's Church is a charitable bequest within the terms of the statute cannot be sustained. (*Matter of Zimmerman,* 22 Misc. 411, 413, 414; *Matter of Rywolt,* 81 id. 103, 104.)

It follows that the residuary bequest to St. John's College and St. Joseph's Home will be held valid only to the extent of one-half of the net personal estate, which totals $36,574.20, namely, $18,287.10, and to one-half of the realty of $1,738.34. In view

---

* Since amd. by Laws of 1929, chap. 229.— [REP.

of the fact that the bequest to the pastor of St. John's Church, the sums necessary for the establishment of the trust for James Cunningham, and the administration expenses, must be paid from the remaining half of the estate (*Matter of Seymour*, 239 N. Y. 259, 262, 263), it is obvious that complete payment to the charitable corporations cannot be made until the death of the life tenant.

The results flowing from a finding of violation of the statute against excessive gifts to charitable corporations is clearly expressed in *Matter of Brooklyn Trust Co.* (179 App. Div. 262). The Appellate Division, Second Department, says (at p. 264): " The effect of the statute is to limit the amount of the gift to charitable institutions. The effect of this is to change the gifts to these charitable institutions from a gift of a residuary estate uncertain in amount, to a fixed sum measured by half the estate less the debts. This the testatrix could legally give, and this she did give as effectively as if she had figured the amount before death and inserted it in the will. The effect of this is to change the gift of the residuary estate to the ten charities into general legacies of amounts certain so computed; the ' excess ' over the amount of these legacies is the residuary estate, and, as such, must bear the expense of administration."

Again (at p. 265): " We think that the decree was right in directing immediate payment of the legacies to the ten charitable institutions. The will, as modified by section 17 of the Decedent Estate Law, does not divide the estate, in such sense that the trusts, the remainders and the residuary estate are divided, and one-half allotted to the charitable corporations and the other half to the next of kin. It simply limits the amount of the bequest to the ten charitable institutions. The testatrix could give half her estate and no more; she did give more than half, and I see no reason why we should not proceed with the intent of the testatrix until stopped by the statute."

This determination was cited with approval and followed in *Matter of Seymour* (239 N. Y. 259, 263).

It follows that the method of present distribution will be for the executor to pay from the funds in its hands, *first*, the expenses of administration; *second*, the $500 legacy to the pastor of St. John's Church; *third*, the $20,000 necessary for the erection of the trusts under the 5th and 6th items of the will; and, *fourth*, the balance, in equal parts, to St. John's College and St. Joseph's Home.

Upon the termination of the trust there will be paid to the charitable corporations, in equal shares, a sum which, when added to the sums presently paid them, will total the aggregate sum of $18,287.10. Under the authority of *Matter of Brooklyn Trust*

*Company* (*supra*, 264) the charities are entitled to receive the sums payable to them one year subsequent to the date of the death of testatrix, and in so far as they are deferred, they should receive interest at five per cent from that date compounded annually. (*Matter of Suydam*, 122 Misc. 340, 342.)

At the time of the termination of the trust estate, the balance after payment of the sums due the charitable corporations, will be payable to the personal representatives of John J. Brown.

The real estate not being necessary for the satisfaction of prior liens and not being converted by the terms of the will, is vested, in equal shares, in James Cunningham, Sarah Hurley, St. John's College and St. Joseph's Home. (Decedent Estate Law, § 88;* *Matter of Suydam, supra*, at p. 342.)

The expenditures necessarily made by the executors for the preservation of the real estate will be prorated between the charities and the heirs at law of Mrs. Brown.

On usual principles, any securities which may be delivered in specie in the making of any of the payments hereinbefore directed shall be given and accepted at their true value at the time of such delivery in the absence of an agreement by all interested parties fixing some different valuation.

Proceed accordingly.

* Amd. by Laws of 1929, chap. 229.— [Rep.