In the Matter of the Estate of ABRAHAM STEPHEN, Deceased.

Surrogate's Court, Erie County, January 10, 1934.

*McKenna & McKenna* [*Joseph Swart* of counsel], for the petitioner.

*Locke, Babcock, Hollister & Brown* [*Harold S. Brown* of counsel], for Simon Astphan, a nephew.

*De Witt Clinton*, for Charles Stephen.

*Wanamaker, Klocke, Martina, Harrington & Rovner* [*George W. Wanamaker* of counsel], for Theodore Astphan and others.

*Charles A. White*, for Shadahey Stephen and another.

*Charles J. Deckop*, special guardian for absentees and unknown heirs.

HART, S.   This is a proceeding for the construction of the fourth paragraph of the will of the decedent.

The provision in the English version is as follows:

"*Fourth.* All the rest, residue and remainder of my estate of whatsoever name or nature and wheresoever situated, I give, devise and bequeath to the priests of Mt. Lebanon, Syria, to pay for Masses, which are to be said only for the happy repose of my soul and for my intentions.   This sum I direct to be distributed among the priests of Mt. Lebanon in such sums as my executors decide and only the prevailing rate or charge for Masses shall be paid."

The provision in the Arabic version, according to the translation made by Samuel C. Elias and received in evidence in this court, is as follows:

"*Fourth.* All that remains of my estate be it fixed or movable in whatever place or town it may be distributed amongst the priests

my mother Mount Lebanon, Syria, for the purpose of offering masses for my soul and all my intentions and my will is that this money be distributed amongst the priests of Mount Lebanon in accordance to what The Reverend Francis Shomalic sees proper in compliance with what is known and defined by the heads of the Church as the stipend for masses in Lebanon."

Concerning a devise to say masses, the court in *Matter of Morris* (227 N. Y. 141) said: " ' Masses are religious ceremonials or observances of the church of which she was a member, and come within the religious or pious uses which are upheld as public charities.' (*Schouler, Petitioner,* 134 Mass. 426.) She could give her estate outright to any charity and she was free to dedicate it to this particular charity. Although the specific objects of the charity are not named by the testatrix, the trust is no longer void for indefiniteness in this state. (*Holland* v. *Alcock,* 108 N. Y. 312; *Matter of MacDowell,* 217 N. Y. 454.) The construction which upholds the main purpose of the testatrix is that the executors shall take title to the residuary estate in trust and that they shall, after paying funeral expenses, dispose of the estate by having masses said in a Roman Catholic church, according to the customs of that communion. The test of reasonableness has no place as between the next of kin and the charitable trust, and the court will not take the estate from the trustees to bestow it upon the next of kin in disregard of the expressed desires of testatrix, but will, ' in a broad and liberal spirit ' uphold the will as it was written." (See, also, *Matter of Durbrow,* 245 N. Y. 469.)

The clause in question in this will is an outright gift and not a direction for a specific purpose. (*Matter of Arrowsmith,* 162 App. Div. 623; affd., 213 N. Y. 704.)

Justice MILLER, writing for the Appellate Division in *Manley* v. *Fiske* (139 App. Div. 665; affd., 201 N. Y. 546), said: " It is next contended, however, that the statute was intended only to save trusts for charitable uses, and that no trust was created. It is true that there are no express words creating a trust, as there are no express words of gift; but it is quite plain that a trust was intended. A trust is almost inseparably involved with a gift for charitable uses."

One of the contentions of the petitioner's opponents is indefiniteness which renders an inability on the part of the executors to carry out the terms of this clause and effect an equal division. At present it is no concern as to who the executors pick or choose as the recipients of the trust or how it is carried out. I am satisfied it can be carried out to the extent that it is beyond the realm of indefiniteness.

Nor does it matter that the funds are to be expended in a foreign country. (*Mount* v. *Tuttle*, 183 N. Y. 358.)

Some emphasis has been laid upon the case of *Matter of Zimmerman* (22 Misc. 411, decided by Surrogate MARCUS). The distinction between that case and the instant case lies in the fact that in the *Zimmerman* case the bequest was a general legacy directly to the priest, whereas in this case the rest, residue and remainder, though a gift, is to be distributed by the executors. This calls for care, custody and a degree of discretion to be exercised by them, and is in the nature of a reposal of a trust.

I, therefore, decide that paragraph "fourth" of this will is a valid bequest of the residuary estate in trust to the executors, to be disposed of by having masses said in Mt. Lebanon, Syria, in accordance with the customs of the Roman Catholic church.

Let a decree enter accordingly.