In the Matter of the Estate of LAURENCE M. BYLES, Deceased.

Surrogate's Court, Kings County, November 1, 1935.

*Pliny W. Williamson,* for the petitioners.

*Jacob J. Schwartzwald,* special guardian.

WINGATE, S. The situation disclosed in this uncontested application for testamentary interpretation is somewhat unusual. Except for a general legacy of $5,000, the entire estate was erected into a trust, the income, so far as necessary, to be used for the

support of testator's incompetent wife for life. Upon her death, definite disposition is made of the remainder. None of these directions are the cause of present perplexity. The problem of the fiduciary which is submitted for determination relates to the proper disposition of that part of the annual income, during the continued life of the wife, which is not required for her support.

The testamentary directions in this regard read as follows: " On the first day of January of each year after my death and for so long as my wife is incapable of managing her own affairs my executors shall (after providing what in their judgment constitutes a sufficient reserve fund for the benefit of my wife) pay the residue of the preceding year's income two-ninths to my mother-in-law, Mrs. Joseph Sirch, four-ninths to my sister Edith Mary LeMare, one-ninth each to my sisters Hilda Margaret Byles and Helen Bensville Byles and my brother Alfred Winter Holden Byles."

It has been made to appear that the widow is an adjudicated incompetent whose chances of recovery are negligible. In each year since the inception of the trust there has been an excess of income above that required for her needs, and to and including the year 1931 this was distributed to the named beneficiaries thereof in the proportions directed in the will.

On July 25, 1931, however, Hilda Margaret Byles, a sister of the decedent, and one of the designees in the hereinbefore quoted paragraph, died, and the question propounded is as to the manner of disposition of the one-ninth of the excess income which the testator directed should be paid to her.

The accountants seek permission to pay it *pro rata* to the other designees of the testator. The difficulty with this solution lies in the fact that this surplus income was given to the five persons *nominatim*, which definitely precludes the interpretation of the testamentary desire as one of a gift to a class. (*Matter of Soy*, 143 Misc. 217, 221; *Matter of Perlmutter*, 156 id. 571, 573, 574; *Matter of Stutzer*, Id. 684.)

In the alternative, they appear to feel that this portion of the income of the trust devolves, pursuant to section 63 of the Real Property Law, to the person or persons entitled to the next eventual estate. The difficulty with this solution is that the enactment in question, by its terms, applies only to a case in which " rents and profits are undisposed of, and no valid direction for their accumulation is given " during the continuance of a " valid * * * suspension of the power of alienation." Here, incontestably, is a valid suspension during the life of the widow, but the testator has made a definite disposition of all of the income which will accrue during the period.

So far as Hilda and the others mentioned with her are concerned, this is purely a trust for their benefit *pur autre vie*, the measuring life being that of the widow. The assumption that by the death of Hilda, the portion of the income dedicated to her use during the continuance of the trust passed to any other person whomsoever is a begging of the entire basic question, which is as to whether or not her interest in the trust vested on the death of the testator. Had her interest been in an aliquot part of the remainder, the accountants presumably would have readily answered this question in the affirmative. If they experienced any misgivings on the subject, a reading of a few of the many authorities cited at the indicated page of the *Stutzer Case* (*supra*), would presumably have dispelled their doubts. Equally patent would have been the situation had the testamentary direction provided for the payment of the income to Hilda during the continuance of some other selected life. (Cf. *Matter of Von Deilen*, 154 Misc. 877, 883, 884.)

The present situation is no different in principle. As this court has frequently noted (*Matter of Hartfield*, 139 Misc. 214, 216, 217; *Matter of Leonard*, 143 id. 172, 181, 182; *Matter of Shevlin*, Id. 213, 215, 216; *Matter of Milhau*, 151 id. 283, 289; *Matter of Kramer*, 153 id. 606, 607; *Matter of Loomis*, 154 id. 549, 552), the testator had the power by will to split up the possessory enjoyment of each single item of his property. He could give the use thereof during not exceeding two lives in being to one or a number of persons, and the ultimate possession thereof to still others. Here, he elected to make such multiple gifts. He gave a sum which may be designated as " X " dollars thereof for the benefit of the widow during the continuance of the trust; he gave the remaining portion of such income to the other named individuals. After the termination of the trust, he gave the ultimate possessory enjoyment to still others. Each person who was to share in this use of the property during the period that the absolute power of alienation was suspended by the testator was definitely fixed by name in the will and the amount which each was entitled to receive was calculable in accordance with specific directions which he gave. Each, therefore, received at his death a vested estate in the particular portion of the property subject to his disposal which was given him by the will. As such gifts vested at such time, and were not made subject to any subsequent divesting condition, the subsequent death of any particular donee could not affect the situation, and the subject-matter of the gift, as and when payable, passed to the personal representatives of such deceased donee. (*Flynn* v. *McDermott*, 183 N. Y. 62, 67; *Sterrit* v. *Lee*, 44 App. Div. 619, 620; *Berkeley* v. *Kennedy*, 62 id. 609; *Walter* v. *Walter*, 60 Misc. 383, 393; affd., 133 App. Div. 893;

affd., 197 N. Y. 606; *Palmer* v. *Green*, 63 Hun, 6, 7; *Matter of Brown*, 135 Misc. 611, 614; *Matter of Sloat*, 141 id. 710, 716; *Matter of Stutzer*, 156 id. 684.)

It follows that the portion of excess income to which Hilda would have been entitled during the continuance of the trust, had she continued to live, is payable to her executor.

Enter decree on notice.